THE PEOPLE *ex rel.* John R. Thompson, County Treasurer, Appellee, *vs.* EDWARD T. NOONAN, Appellant.

*Opinion filed February 19, 1909.*

SPECIAL ASSESSMENTS—*when court cannot set aside a judgment of confirmation after term.* After the term has expired at which a judgment confirming a special assessment is entered the court is without power to set it aside by virtue of an agreement of the parties, made before the judgment was entered, that such course might be pursued.

APPEAL from the County Court of Cook county; the Hon. D. T. SMILEY, Judge, presiding.

WILLIAM J. DONLIN, for appellant.

GEORGE A. MASON, and WILLIAM F. HAPEMAN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

From a judgment of sale against certain lots of appellant for a delinquent special assessment he has appealed.

A judgment confirming the assessment was entered on March 17, 1896. On March 13, 1897, an order was en-

tered vacating this judgment and a new judgment of confirmation was rendered. An order was entered October 10, 1900, vacating the latter judgment, canceling and recalling the warrant certified for its collection, and another judgment of confirmation was entered. The judgment appealed from is based upon the judgment of confirmation of March 13, 1897. The parties agree that the judgment of October 10, 1900, was void. The judgment of March 13, 1897, was also void. It was rendered after the expiration of the term at which the judgment of confirmation it purported to vacate was entered. It purported to be entered in pursuance of the stipulation made in open court at the time the original judgment of confirmation was entered. It was decided in the case of *Noonan* v. *Thompson,* 231 Ill. 588, that "as soon as the term at which a judgment of confirmation was entered has expired the court loses jurisdiction of the subject matter, and the parties cannot, by their agreement entered into before the judgment was rendered, confer jurisdiction upon the county court over such subject matter and thereby authorize the county court to set aside the judgment of confirmation." Where the parties interested voluntarily enter their appearance at a subsequent term and consent and agree to the vacation of a judgment, the court may thus be invested with jurisdiction to make such order, except as provided in section 56 of the Local Improvement act. (*Hewetson* v. *City of Chicago,* 172 Ill. 112; *Sheridan* v. *City of Chicago,* 175 id. 421.) But this rule has no application to an agreement made before the original judgment was entered.

The judgment is reversed and the cause remanded, with directions to sustain appellant's objection that there is no valid judgment of confirmation.

*Reversed and remanded, with directions.*