THE CITY OF ROCK ISLAND, Appellee, *vs.* C. B. MARSHALL *et al.* Appellants.

*Opinion filed April 23, 1914.*

1. INSTRUCTIONS—*instruction authorizing jury to reject opinions of witnesses at will is erroneous.* An instruction stating that the opinions of expert witnesses are entitled to such weight as the jury may deem proper to give them, and that the jury "may accept or reject such opinions as you may accept as true, or reject as false any other facts in the case," is misleading and erroneous.

2. SPECIAL ASSESSMENTS—*probate judge may preside in county court in special assessment case.* The probate judge sitting in the county court under the conditions specified in the statute may hear and determine a special assessment case in such court. (*City of Moline* v. *Chicago, Burlington and Quincy Railroad Co.* 262 Ill. 52, followed.)

APPEAL from the County Court of Rock Island county; the Hon. BENJAMIN BELL, Judge, presiding.

SEARLE & MARSHALL, for appellants.

J. F. WITTER, City Attorney, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The city council of the city of Rock Island passed an ordinance for paving Thirty-fourth street from the south line of 7th avenue to the south line of 9½ avenue.  The cost of the improvement was to be paid by special taxation upon the lots contiguous to Thirty-fourth street.  Upon a

hearing objections were urged for lot 1 in block 4 and lot 7 in block 5. These lots were both corner lots and fronted the long way on Thirty-fourth street. Lot 1 in block 4 is 50 by 150 feet, and lot 7 in block 5 is 40 feet wide by 150 feet deep. All of the other lots were 40 by 162.35 feet, and were 40 feet front on Thirty-fourth street. The assessment spread upon all these lots was $5.01 per front foot. The result is that the two lots objected for were each assessed about $750, while all other lots fronting on the improvement were assessed about $200 each. The only objection interposed to the confirmation of the assessment is that the assessment upon the two lots objected for exceeded the benefits. The issue was tried by a jury, with the result that a finding was made that no lot, piece or parcel of property was assessed more than the benefits it would receive from the improvement. The property owners have appealed from the judgment of confirmation based upon that verdict.

Error is assigned upon the admission of certain evidence and in refusing to admit evidence offered by the appellants, and in giving, refusing and modifying instructions, and that the verdict is contrary to the weight of the evidence.

The evidence as to the benefits which the property objected for would receive from the improvement was conflicting. The testimony does not so clearly preponderate against the conclusion reached by the jury as to warrant this court in interfering with its finding.

On the trial several witnesses were allowed to testify, over the objections of the appellant, as to the condition of Thirty-fourth street and the necessity for the improvement. The admission of this evidence is complained of by an assignment of error in this court. The admission of this evidence was error. Upon a hearing as to benefits the necessity of the improvement cannot be complained of. *Houston* v. *City of Chicago,* 191 Ill. 559; *Wells* v. *City*

*of Chicago,* 202 id. 448; *Lingle* v. *West Chicago Park Comrs.* 222 id. 384.

The court gave the jury the following instruction:

"The court instructs the jury that the opinions of expert witnesses are entitled to such weight as you deem proper to give them. You may accept or reject such opinions as you may accept as true, or reject as false any other facts in the case."

This instruction is liable to be misleading. It seems to advise the jury that they may either accept opinions as true or reject them as false, without reference to any other evidence in the case. An instruction which advises the jury that they may from mere whim or caprice reject the testimony of witnesses is erroneous. Moreover, the last phrase of the instruction seems to advise the jury that they may reject as false "any other facts in the case." We know of no rule of law which will justify the court directing the jury that they may reject as false any other facts proven in the case. The court erred in giving this instruction to the jury.

Complaint is made of other instructions given and also of the modification of some of appellants' instructions, but we are of the opinion that these complaints are not well founded.

This case was heard in the court below before the probate judge sitting as county judge, and the point is made that the probate judge had no jurisdiction to hear and determine the case. This question had the consideration of this court in *City of Moline* v. *Chicago, Burlington and Quincy Railroad Co.* 262 Ill. 52. That case holds that the probate judge had complete jurisdiction to hear an application for the confirmation of a special assessment.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*