(No. 14529.—Reversed and remanded.)

THE CITY OF CARLINVILLE, Appellee, vs. W. E. P. ANDERSON et al. Appellants.

*Opinion filed April 19, 1922—Rehearing denied June 8, 1922.*

1. SPECIAL TAXATION—*when court may permit plats to be attached to copy of ordinance.* In a proceeding for the confirmation of a special tax for a local improvement, where a copy of the ordinance is filed in the county court with the plats and profiles enclosed with it inside of a rubber band, the court, on objection that said plats and profiles were not attached to the ordinance, may permit them to be actually fastened to the copy.

2. SAME—*what items must be paid for out of the general fund.* The cost of inspecting work and materials, engineering during the construction of the improvement, and the expense of executing the contract, which means requiring the contract to be performed according to its terms, must be paid by the city out of its general fund or be included within the six percentum allowed to be levied by certain cities under the proviso to section 94 of the Local Improvement act.

3. SAME—*evidence to show necessity of paving is not admissible in confirmation proceeding.* In a proceeding to confirm a special tax for paving a street, evidence as to the muddy condition of the street is not admissible to show the necessity of paving, as that matter is determined by the city council, but such evidence, properly limited, is competent on the question of benefits which will result from paving.

4. SAME—*burden is on petitioner in proceeding to confirm special tax.* In a proceeding to confirm a special tax the petitioner must prove both the legality and the justice of the charge, notwithstanding the provision of section 49 of the Local Improvement act that the assessment roll shall be *prima facie* evidence of the correctness of the assessment, as such provision does not cast the burden of proof on the objector, and on the trial the assessment roll is not evidence of anything.

5. SAME—*what instruction is not applicable to hearing to confirm special tax.* On a hearing of objections to the confirmation of a special tax the only question for the jury is whether the benefit is equal to the tax, and they should not be encouraged to make such finding by an instruction that under the law if the actual cost does not equal the tax the property owners will be entitled to a deduction or re-payment by the city.

6. SAME—*what instruction is improper in proceeding to confirm special tax.*  In a proceeding to confirm a special tax it is not proper to give an instruction telling the jury that if they find that the benefits are as much as or more than the tax their work will be done but if they decide in the negative they must further determine the amount the several pieces of property are benefited.

7. SAME—*county court cannot order deficiency to be taxed as public benefits.*  In a proceeding for a local improvement by a special tax the question whether the public shall pay any part as public benefits is for the city council, alone, and the county court, in the proceeding to confirm the assessment of the tax on private property, cannot order to be taxed against the city as public benefits a deficiency caused by reductions of particular assessments.

8. EVIDENCE—*effect of legislative provision making the determination of a fact prima facie evidence thereof.*  The burden of proof remains with the party having the affirmative of a proposition until a final determination thereof, and a legislative provision that the finding of an administrative authority charged with the duty of determining a fact shall be *prima facie* evidence of the fact, means only that such determination shall be sufficient to justify a finding of the existence of the fact in the absence of any evidence to the contrary.

APPEAL from the County Court of Macoupin county; the Hon. ANDREW J. DUGGAN, Judge, presiding.

MURPHY & HEMPHILL, and JESSE PEEBLES, for appellants.

T. K. RINAKER, City Attorney, and THOMAS RINAKER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This appeal is prosecuted by eleven property owners from a judgment of the county court of Macoupin county confirming a special tax against their respective pieces of property.

The ordinance provided for paving Charles street, a distance of one mile, with a brick pavement twenty-three feet wide, with a concrete curb and gutter on each side,

and the entire cost was ordained to be paid by special taxation of abutting property. The estimated cost of the improvement was $80,722.68. On application for confirmation of the tax the appellants interposed legal objections, which were overruled, and there was a trial by jury upon the objection that the parcels of property owned by the appellants were taxed more than they would be benefited by the improvement. Separate verdicts as to the several parcels of property were returned, finding in each instance that the property would be benefited in an amount equal to or more than the special tax, except as to property of the appellant Albert Mueller, where a reduction was made.

One objection to the ordinance was that it was invalid because the plats and profiles of the contemplated work were not attached to it at the time it was adopted by the city council nor when the same was filed in the county court. There was no evidence in support of the objection that the plats and profiles were not attached to the ordinance when passed, and that objection was not sustained. When a copy of the ordinance was filed in the county court, plats and profiles were enclosed with it inside of a rubber band, and on the objection being made the court permitted them to be actually fastened to the copy. They were already substantially attached by means of the rubber band, and there was no error in the ruling of the court.

Another legal objection was that five per cent of the estimate of the cost of the improvement, amounting to $3626.35, was included in the special tax charged against the property for inspection and engineering during the construction of the improvement. This objection should have been sustained. The Local Improvement act (Harker's Stat. 757,) provides in section 94 that the costs and expenses of maintaining the board of local improvements, including salaries of the members, and other items therein specified, shall be paid by the city, village or town out of its general fund, with a proviso that in cities with a popu-

lation of less than 100,000 a certain sum not exceeding six percentum of the amount of the assessment may be applied to the payment of the specified expenses and other costs of making and collecting the assessment. Among the items enumerated in section 94 to be paid out of the general fund unless covered by the six percentum is the expense of letting and executing contracts. There is some expense in letting contracts but none whatever in signing one. As there is no possible expense of that kind the statute can only be given the meaning of performance of contracts. The natural meaning of the execution of a contract is its completion according to its terms. The duty of inspection and requiring such peformance is imposed on the board and any expense connected therewith is within the terms of section 94. Section 6 provides for a board of local improvements, of which the public engineer is a member, and Fred Morse was public engineer and a member of the board and its secretary. The board had some arrangement by which J. E. Schwab acted as engineer of the board for the mutual benefit of himself and Morse, who was to get twenty per cent of the compensation. One of the duties of the board is prescribed by section 85, which requires the board to cause the entire work done pursuant to any proceeding and contract and the materials therefor to be carefully inspected during the progress of the work, to the end that the contractor or contractors shall comply fully and adequately with all the provisions of the ordinance and with the contract under which the work is to be done and the specifications therefor. This duty being imposed upon the board of local improvements, its performance is one of the expenses which must be paid out of the general fund, except so far as it may be covered by the six per cent of the amount of the assessment.

The ordinance provided for the inclusion of six per cent of the tax, amounting to $4569.20, and it was objected that the provisions included court costs. Such costs, however,

might be included in the six per cent as a part of the costs in making and collecting the assessment, as provided in terms by the statute.

It is assigned for error that the court admitted improper evidence on the trial before the jury in permitting witnesses to state that the street was muddy in wet weather and impassable for a car without chains and that cars sometimes were stuck in the mud. Such evidence was not competent for the purpose of showing the necessity of paving the street, which had been determined by the city council. (*City of Rock Island* v. *Marshall*, 263 Ill. 133.) Properly limited it would be competent to show the existing physical condition of the street on the question of benefits which would result from paving it.

The court gave at the instance of the petitioner the following instructions concerning the burden of proof:

"The court instructs the jury that the city establishes a *prima facie* case by the introduction of the special tax roll, as admitted in evidence, and that the burden is on each objector to overcome that *prima facie* case by competent evidence."

"The court instructs the jury that the burden is on each objector to prove by the greater weight of all the evidence that his particular lot or parcel of land will not be specially benefited as much as it has been specially taxed."

The legislature may provide that where an administrative authority is charged with the duty of determining a fact its determination shall be *prima facie* evidence of the fact, and by section 49 of the Local Improvement act the assessment roll returned by the officer or as revised and corrected by the court on the hearing of legal objections shall be *prima facie* evidence of the correctness of the amount assessed against each objecting owner but shall not be counted as the testimony of any witness or witnesses in the case. Such a provision means only that a determina-

tion of a fact so made shall be sufficient to justify a finding of its existence in the absence of any evidence to the contrary. The burden of proof is always on the party having the affirmative of a proposition, and it abides with that party until a final determination of the proposition. A proceeding to confirm a special tax is one to fix a burden and charge upon property, and the burden of proof is on the petitioner to show both the legality and the justice of the charge. (*City of Peru* v. *Bartels,* 214 Ill. 515.) When an issue is formed the decision rests upon competent legal evidence and not upon the act or conclusion of an officer making up a tax roll. On a trial of the issue the roll is not evidence of anything. (*City of Rockford* v. *Mower,* 259 Ill. 604; *People* v. *Whitesell,* 262 id. 387; *City of Peoria* v. *Peoria Railway Co.* 274 id. 48; *City of Chicago* v. *Lederer,* id. 584; *Donovan* v. *St. Joseph's Home,* 295 id. 125.) The suggestion that similar instructions as to the burden of proof were given at the instance of the appellants is unfounded. There was no instruction asked by them or given which placed the burden on them.

The court also gave to the jury this instruction:

"The court instructs the jury that the amount of the special tax shown by the special tax roll, if confirmed by the court, does not amount to a judgment or finding that the property shall finally pay the amount of the special tax, but that the same is but an estimate of what its proportionate amount of the cost of the proposed improvement will be, and that it is the duty of the city to contract for the proposed improvement for the lowest amount possible, and that the property owners have the right under the law to themselves take over the contract for such construction, and that if in either manner the proposed improvement shall be constructed for an amount less than such estimate, then, under the law, each property owner will be entitled to a deduction or re-payment by the city upon his special tax of his proportionate part of the difference between the es-

timate and the actual cost of the construction of the proposed improvement."

The statement of the law was correct but it was a matter with which the jury had not the slightest concern. It was only for the jury to determine whether the special tax was equal to the benefit, and they should not have been encouraged to make such a finding because the actual cost of the improvement might be less than the tax. There was no more propriety in giving such an instruction than there would have been to tell the jury that an improvement might, and usually does, cost more than an estimate and a deficiency must be made up of supplemental assessments.

An instruction given for the petitioner told the jury that if they determined that the property would be specially benefited as much or more than it had been specially taxed their work would be done, but if they should decide in the negative, then they should proceed to determine in what amount, if any, the several pieces of property would be benefited. The instruction furnished no guide to the determination of any question submitted to the jury, but practically told them that their work would be short and easy if they found for the petitioner, and that should not be done.

There were reductions as to some pieces of property, creating a deficiency of $2143.95, and the court ordered the deficiency taxed against the public as public benefits, to be paid by the city of Carlinville. This is the subject of a cross-error. It was in direct contradiction of section 50 of the Local Improvement act, which requires any deficiency to be distributed upon the other property in the district assessed. If any improvement is to be made by special tax, the question whether the public shall pay any part is for the city council alone.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*