(No. 18675.—)

THE PEOPLE *ex rel.* Frank J. Willoughby, Petitioner, *vs.*
I. L. WEAVER, Judge, *et al.* Respondents.

*Opinion filed June 23, 1928.*

CAVENDER & MILCHRIST, and BRANNAN, MALONEY &
WOOSTER, (DAVID B. MALONEY, of counsel,) for petitioner.

WERNER W. SCHROEDER, for respondent I. L. Weaver;
SAMUEL A. ETTELSON, Corporation Counsel, and GOTT-
HARD A. DAHLBERG, (JOSEPH J. THOMPSON, of counsel,)
for respondent the city of Chicago.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of
the court:

Pursuant to leave granted, an original petition in the
name of the People of the State, on the relation of Frank
J. Willoughby, was filed in this court against I. L. Weaver,
acting judge of the county court of Cook county, and the
city of Chicago, a municipal corporation, praying for the
issuance of a writ of *mandamus* commanding the respond-
ent Weaver to expunge an order entered on November 17,
1927, vacating a judgment of confirmation rendered on
July 15, 1927, in a certain proceeding brought under the
Local Improvement act.

The allegations of the petition are: The relator is the
owner of a parcel of real estate in the city of Chicago. On

February 5, 1924, the city filed its petition in the county court to ascertain the just compensation to be paid for the property to be taken or damaged for opening and widening East Seventy-fourth street from Stony Island avenue to Bennett avenue and for an assessment of the cost of the improvement. Commissioners were appointed, and they filed their report and assessment roll. The relator, among others, was summoned and filed objections, which were later overruled. At the city's request, on July 15, 1927, during the July term of the county court, final judgment was rendered awarding various sums of money for various parcels of land which it was proposed to take for the improvement. The award made to the relator amounted to $20,983.17. It was provided in the judgment that upon the deposit with the county treasurer of the sums awarded the city might take possession of the condemned lands. Owing to certain increases the assessment was insufficient to pay the sum of the awards, and the deficit, amounting to $67,381.21, was assessed against the city. On October 5, 1927, at the September term of the county court, the city, without notice to the relator, filed a document by which the city elected to reject the findings concerning the assessment and the awards incorporated in the judgment of July 15, 1927, and to abandon all proceedings to collect the assessment or to pay the awards. Two days later the city filed its petition, and on October 13, 1927, of the October term, an amended petition, in which the city set forth that nothing had been done respecting the collection of the assessment or the letting of a contract but that the making of the improvement, under the judgment of confirmation theretofore entered, had been abandoned. The prayer of the petition was that the assessment roll be held null and void *in toto,* that the judgment rendered on July 15, 1927, be vacated and that new commissioners be appointed to cast another roll. Notwithstanding the objections of the relator and other owners of property that the court was

without jurisdiction to grant the prayer of the petition, the respondent Weaver, by an order entered on November 17, 1927, during the November term of the county court, vacated the judgment of July 15, 1927, and directed the appointment of new commissioners to spread a new assessment. The relator excepted to the entry of this order and prayed an appeal to this court, which was first allowed and later denied. On December 2, 1927, the relator presented to the respondent Weaver a motion to expunge the order of November 17, 1927, and to strike from the records the city's petition and election, but he denied the motion. The relator excepted to the order denying his motion and prayed an appeal to this court. The appeal was denied. The instant petition concludes with the allegations that the respondent Weaver had no power to enter the order of November 17, 1927; that it was his duty to grant the relator's motion made on December 2, 1927, and that by his denial of an appeal the relator is without remedy unless this court issue its writ of *mandamus* commanding the respondent Weaver to expunge the order of November 17, 1927. The respondents filed a general demurrer to the petition, and the question to be determined is the sufficiency of the petition to entitle the relator to the writ of *mandamus*.

The instant petition is similar to the petition for a writ of *mandamus* and the order which the relator seeks to have expunged is the identical order of which complaint was made in *People* v. *Weaver,* 330 Ill. 643. For reasons there stated the writ was awarded, and that decision is decisive of this case.

The demurrer of the respondents is overruled and the writ of *mandamus* as prayed in the petition is awarded.

*Writ awarded.*