(No. 20615.—

THE PEOPLE *ex rel.* Francis E. Broomell, Petitioner, *vs.* THE BOARD OF ELECTION COMMISSIONERS OF THE CITY OF CHICAGO *et al.* Defendants.

*Opinion filed February 18, 1931.*

URBAN A. LAVERY, for petitioner.

EDWARD F. DUNNE, (WILLIAM J. CORBOY, of counsel,) for defendants.

Mr. JUSTICE FARMER delivered the opinion of the court:

This court at the December term granted leave to the petitioner, a tax-payer and qualified elector of the city of Chicago, to file a petition for *mandamus* against the election commissioners of the city of Chicago. The petition avers that prior to June 10, 1929, the general Primary act required a primary election to be held in all of the precincts of the city of Chicago on the last Tuesday in February in each year for the nomination of such officers as are to be voted

for on the first Tuesday in April of such year. If the law had not been changed or amended the primary election in Chicago for the nomination of candidates for the offices of mayor, city clerk and city treasurer of said city would be required to be held on the 24th day of February, 1931, coincident with the aldermanic election in that city. At the 1929 session of the General Assembly an amendment to the general Primary act (Laws of 1929, p. 408,) was purported to be passed which provided that a primary for the nomination of such officers as are to be voted for on the first Tuesday in April of any year should be held on a Tuesday seven weeks prior to such election in April. If that amendment is valid and effective it would change the date of the primary election for the nomination of candidates for the offices of mayor, city treasurer and city clerk for the city of Chicago from the 24th day of February, 1931, to the 17th day of February, and instead of having a single election day on February 24 two separate elections would be required to be held throughout Chicago within a week of each other, one being the primary election and the other the aldermanic election. The petition also alleges that it was, and is, for the best public interest to have the primary election and the election for aldermen held throughout the city of Chicago on the same day; that the law previously providing therefor had worked well and reasonably satisfactorily to the public for a number of years; that if two elections are held on different days, one the aldermanic and the other the primary election, the extra cost therefor would be in excess of $300,000, which would be saved to the tax-payers if the aldermanic election and the primary election were held the same day, as has been done for many years; that a duplication of registration of voters would be required, and that such duplication of registration, canvass and revision would cost the tax-payers an additional $250,000. The petition also alleges that if the amendment of 1929 is given effect it will produce serious confusion and irreconcilable

and conflicting duties as to the conduct of the elections. The petition further alleges respondents have announced their intention to conform to the amendment, and it prays that *mandamus* issue commanding respondents to hold the election for the nomination of mayor, city treasurer and city clerk on February 24 instead of February 17, 1931.

Respondents demurred to the petition but in their brief say the facts alleged in the petition cannot be denied or disputed, nor can it be denied or disproven that it is physically impossible to comply with the 1929 amendment. The attorneys who filed the brief for defendants say that as self-respecting members of the bar they believe it their duty to the court to truthfully and fairly represent their clients in this litigation, and state that if a primary is held February 17 the accomplishment of the duties of the election commissioners and judges of election is a physical impossibility. While the demurrer admits the truth of the petition it alleges the petition is not sufficient, but if the petition alleges the truth, as defendants admit, there is no controverted question of law to be decided.

The filing of the petition by the relator is authorized by the decisions of this court. (*People* v. *Weaver,* 330 Ill. 643; *People* v. *Taylor,* 342 id. 88.) The petition was filed during the December term, the writ issued, and ·demurrer and briefs were filed during that term and the case was argued orally. It was requested by both sides that the case be decided at the December term, and the judgment of the court was announced orally and it was ordered that the writ issue. The court stated that an opinion would be filed later. This practice is authorized by *People* v. *Sweitzer,* 266 Ill. 459, *People* v. *Emmerson,* 323 id. 561, and *People* v. *Taylor, supra.*

This court has held that where an amendment to an election law is inconsistent with and repugnant to existing conditions of the law so as to render the amendment inoperative and dangerous, this court will declare the amendment

void and by *mandamus* order the proper officer to disregard it. Under the above decisions the amendment here in question is void. (*People* v. *Sweitzer, supra; People* v. *Emmerson, supra.*) The physical impossibility of conducting the election under the amendment of 1929 renders this case a proper one for the writ of *mandamus,* and the same is awarded.

*Writ awarded.*