(No. 20594.—

LAWRENCE W. WASHINGTON *et al.* Appellants, *vs.* THE CITY OF DESPLAINES, Appellee.

*Opinion filed June 18, 1931.*

DENEEN, HEALY & LEE, (DANIEL S. WENTWORTH, HARRY W. LIPPINCOTT, HENRY O. NICKEL, and PAUL G. SULLINS, of counsel,) for appellants.

MALONEY, WOOSTER & WHITESIDE, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal by property owners from an order entered by the county court of Cook county in a proceeding under the Local Improvement act vacating all orders theretofore entered as to the property of appellants and ordering the assessments against that property to be paid by appellee, the city of DesPlaines, and from an order approving the certificate of final cost and completion of the improvement.

The city of DesPlaines on April 6, 1925, passed an ordinance for a local improvement in certain streets of the city by the construction therein of a complete system of cast-iron water mains, fire hydrants, etc. On April 15, 1925, a petition was filed in the county court of Cook county by the city for the levying of a special assessment against the property to be benefited by the improvement. An assessment roll was prepared, filed and confirmed. The total amount of the assessment was $230,029.62, a part of which was against the property of appellants. On October 15, 1925, the board of local improvements of the city filed a certificate showing that the contract for the improvement had been let and that the first voucher on account of the work done and materials furnished was issued on August 10, 1925. On February 6, 1928, a certificate of the final cost of the improvement stating that the improvement had been completed and accepted by the board of local improvements was filed. Objections to the certificate were filed by certain property owners, and after a hearing the county court found that the facts found in the certificate were not true and ordered that the certificate of cost and completion be not approved. No further proceedings were had until July 3, 1930, on which date another certificate of final cost and completion of the improvement was filed. This certificate showed the cost of the improvement to be $142,233.56, which was $87,796.06 less than the total assessment made by the court. Appellants filed objections to this certificate. On September 6, 1930, over the objections of appellants, an order was entered by the court which recited that certain installments of the assessments against the property of appellants had been paid and some of the installments remained unpaid and that the city of DesPlaines had agreed to assume the assessments against said property "and to abate to the persons entitled thereto any assessments paid on said property." It was ordered that all orders be vacated as to appellants' property, that the assessments against said prop-

erty be assessed against the city of DesPlaines as a public benefit, and that the city "abate to the persons who paid the assessments against the said property all sums heretofore paid on account of any installments for assessments in this proceeding." An exception was taken by appellants to the entry of this order. The court then, without hearing any evidence on the objection filed by appellants, entered an order approving the certificate of final cost and completion and abating the assessments against the property assessed for the improvement by $87,796.06. Appellants excepted to the entry of this order. The record shows that appellants "having duly excepted to each and both of the foregoing orders, prayed for and were allowed an appeal from the aforesaid orders and judgments to the Supreme Court of the State of Illinois."

It is the contention of appellants that the order vacating all orders as to their property, canceling the assessments against their property and ordering such assessments paid by the city is void because the court had no jurisdiction to make such order. Appellants also contend that the court had no authority to approve the certificate of final cost and completion of the improvement without a hearing on the certificate and their objections thereto.

Under the provisions of section 56 of the Local Improvement act the judgment of the court confirming the assessment roll is final as to all issues involved in the proceeding for the assessment and is subject to review by appeal or writ of error, but the judgment may be vacated or modified at a subsequent term by mutual consent of the parties or may be vacated in case the petitioner shall determine to abandon the construction of the proposed improvement before commencing the collection of the assessment. The true construction of the provisions of section 56 is, that the judgments confirming assessments of benefits are final unless reversed on appeal or writ of error or vacated or modified by mutual consent of the parties thereto

or the petitioner shall determine to abandon the construction of the proposed improvement and dismiss the proceedings under the ordinance, in which latter event the petitioner may procure such judgments to be vacated. (*McChesney* v. *City of Chicago,* 188 Ill. 423.) After the expiration of the term at which a final judgment of confirmation of assessments is made the court is without jurisdiction to vacate the judgment in the absence of a statutory provision conferring such jurisdiction. (*People* v. *Noonan,* 238 Ill. 303; *City of Chicago* v. *Smale,* 248 id. 414; *People* v. *Weaver,* 330 id. 643.) If jurisdiction is acquired to vacate or modify a judgment of confirmation entered at a preceding term, it is essential to the validity of any order made vacating or modifying such judgment that such jurisdiction be shown by the record. (*City of Chicago* v. *Smale, supra.*) The question of benefits and *pro rata* cost between the various pieces of property is settled in the proceeding for the confirmation of the assessments, and the rebate, if the total cost of the improvement is less than the total assessment, must be divided *pro rata* in accordance with the judgment of confirmation. (*City of Peoria* v. *Smith,* 232 Ill. 561.) The order vacating the assessments against appellants' property was entered after the term at which the assessment roll was confirmed had expired. It was not entered by mutual consent of the parties. It was entered after some installments of the assessments had been collected, and the construction of the proposed improvement had not been abandoned by the city. There was no statutory authority for the entry of such an order. That order is therefore void for want of jurisdiction in the court to enter it.

Appellee contends that any error committed in entering the order resulted to the benefit of appellants, and that therefore they cannot complain of such error. With this position we cannot agree, because it is not the case of an order that is simply erroneous but of an order entered without

any jurisdiction in the court to make such order. Substantially the same contention was made in *City of Chicago* v. *Nodeck,* 202 Ill. 257, and was held to be without merit. The court there said: "The question is not whether the present appellees, objectors herein, were injured by the vacation of the judgment after the commencement of the collection of the assessment, but the question is one of power as to the right of the court to vacate its judgment under the statute after the term at which the judgment was rendered had passed."

Section 84 of the Local Improvement act provides that objections may be filed to the certificate of cost and completion, and that "the court shall proceed to hear said application and any objection which may be filed thereto * * * and upon such hearing the said certificate of the board of local improvements shall be *prima facie* evidence that the matters and things stated are true; but if any parts thereof are controverted by objections duly filed upon such petition, the court shall hear and determine the same in a summary manner and shall enter an order according to the fact." (Smith's Stat. 1929, p. 527.) The section then provides that such order of the court shall be conclusive upon all the parties and no appeal therefrom or writ of error thereto shall be allowed to review or reverse the same.

Where objections are filed by property owners to a certificate of final cost and completion it is the duty of the court to grant the objectors a hearing on their objections and to determine the facts and enter an order accordingly. (*City of Belvidere* v. *Iles,* 330 Ill. 31; *People* v. *Conway,* 253 id. 140.) Where objections are filed the court has no right or authority to enter an order approving the certificate without giving the objectors an opportunity to be heard and to introduce evidence in support of their objections. The statute makes the order entered, after hearing on the certificate and objections thereto, final as to the findings of the court on the cost of the improvement, the amount re-

quired to pay accruing interest on bonds or vouchers issued to anticipate collection, and whether or not the improvement conforms substantially to the requirements of the ordinance. (*City of East Peoria* v. *Sheen*, 299 Ill. 185; *Village of Niles Center* v. *Schmitz*, 261 id. 467; *City of Peoria* v. *Tichenor*, 251 id. 495.) In *City of Belvidere* v. *Iles*, *supra*, we held that an appeal was properly taken from an order of the court, under section 84 of the Local Improvement act, where the court approved items as part cost of the improvement which were not included in the ordinance or the contract for the improvement. The ground of the decision in that case was that the county court exceeded its jurisdiction in entering the order approving those items. On the same ground the appeal in this case is properly taken because the court had no right or authority to enter the order approving the certificate without giving appellants an opportunity to be heard and to present evidence in support of their objections to the certificate. The order approving the certificate was entered over the objection of appellants without any hearing whatever, on the erroneous assumption that the assessments against appellants' property had been vacated and that they had no right to object to the certificate. As we have seen, the order vacating the assessments against appellants' property was void, and appellants had as much right to object to the certificate after such order was entered as they did before. They were entitled to a hearing on their objections. In approving the certificate without a hearing the court proceeded contrary to the express direction of the statute.

The order of the county court vacating the assessments against the property of appellants and ordering those assessments paid by the city, and the order approving the certificate of final cost and completion of the improvement, are reversed and the cause is remanded.

*Reversed and remanded.*