(No. 22492.—

IDA C. ERMOLD, Plaintiff in Error, *vs.* H. CLAYTON BEAR, Defendant in Error.

*Opinion filed October 19, 1934—Rehearing denied Dec. 11, 1934.*

SHAW, J., took no part.

HEARD & HEARD, for plaintiff in error. .

BURRELL, JAMES & BURRELL, for defendant in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

In this cause the circuit court of Stephenson county dismissed the complainant's amended bill for want of equity. By its judgment on appeal the Appellate Court for the Second District affirmed the trial court. The cause is before us on *certiorari* to review the Appellate Court's judgment.

H. Clayton Bear, the defendant in error, (for convenience called the defendant,) purchased a home in the village of Orangeville for $3500 on March 1, 1922. He borrowed $2000 of the purchase price from Jerit Wohlford, his father-in-law, for which he gave a note dated March 2, 1922. The interest rate was five per cent. Title was taken in Bear's name, and he and his wife, Emma E. Bear, lived in the premises until her death, December 8, 1929. When Wohlford died, in 1923, the executors of his will endorsed this $2000 note to Mrs. Bear as a part of her distributive share of her father's estate. When she died, the defendant, and the plaintiff in error, Ida C. Ermold, (hereafter called the complainant,) qualified as executors of her last will and testament. The complainant filed an inventory in her sister's estate on December 16, 1929, and listed as an asset the note for $2000 given by her co-executor, the defendant. Next day the defendant filed an inventory but omitted the note from the assets listed. The complainant thereupon filed objections to the defendant's inventory. He filed a motion in the county court of Stephenson county to strike from the files the complainant's objections to his inventory. This motion was sustained. The complainant perfected an appeal to the circuit

court of Stephenson county, which appeal was later dismissed upon her own motion. She then filed suit in the circuit court of that county against the defendant. After all the evidence was taken in the case an amended bill was filed, to which the defendant extended his answer.

By her amended bill the complainant alleged the making of the note for $2000, that it came to Emma E. Bear as we have already described, the appointment of the complainant and the defendant as executors, but alleged that this note was not found among the effects and property of Emma E. Bear, deceased. It alleged that the defendant had not inventoried this note but had refused and neglected so to do, although his wife, Emma E. Bear, within the last few years of her life believed that the indebtedness was due her from the defendant. This amended bill prayed for an accounting and that the defendant be decreed to pay what was due the estate and the complainant as one of the residuary legatees, and that he also pay what was due the remaining residuary legatees.

The defendant's answer admitted the appointment of the executors of his deceased wife's last will and testament, the execution of the $2000 note, and that Emma E. Bear became the owner of it during her lifetime, in 1924. The answer set up the defense that the note was canceled by Mrs. Bear in her lifetime and that the payment of the debt was forgiven. The answer denied that he had destroyed the note, which was one of the allegations of the complainant's original bill omitted from the amended bill. The answer denied that the note was the property of Mrs. Bear at her death. It also set up the proceedings in the county court of Stephenson county and alleged that they involved the same issues and parties as are contained in the record in this case, and that the complainant was therefore barred from obtaining relief by her present suit.

The complainant contends that the defendant by his admissions made it unnecessary for her to offer any evi-

dence as to the fact and amount of the debt evidenced by the note. She also contends that the defense that Emma E. Bear had forgiven the debt during her lifetime is an affirmative one and that the burden of proof of this defense must be borne by the defendant. As to the defense that the complainant was estopped by the proceedings in the county court or that the same issues and parties were before that court, the complainant says that the order of the county court striking her objections to the inventory filed by the defendant and allowing his motion to strike did not decide the issue of indebtedness from the defendant to the estate of his deceased wife, which is the issue presented here by the amended bill.

The defendant attempts to criticise the complainant's amended bill, but since he asked the trial court to extend his answer to it instead of demurring, it is not necessary to pass upon these objections. It is sufficient to say that the bill states a cause of action within paragraph 121 of chapter 3, (Cahill's Stat. 1933, p. 64; Smith's Stat. 1933, p. 100;) under which it was filed.

We shall first consider the effect of the county court's order allowing the motion of the defendant to strike the complainant's· objections to the inventory filed by the defendant in the estate of his deceased wife, Emma E. Bear. What is said in Horner's Probate Practice (3d ed. sec. 78) is applicable here: "The representative is not the sole judge as to what should be included in the inventory. He may be compelled, on the filing of exceptions to the inventory, to list property over which there is a controversy. Such listing does not bind him as *res adjudicata* even when he is himself the claimant, but he has the right as an individual to contest the matter after the appointment of an administrator *pro tem*. The order to list the property in such case is merely preliminary, leaving the merits of the controversy to be settled thereafter. The listing of the property is an accounting, for it is within the period for

filing claims, thus barring claims presented after such period, and the merits of the controversy will not be investigated in this preliminary proceeding."

In *Martin* v. *Martin,* 170 Ill. 18, at p. 23, we said: "The argument upon that question proceeds upon the mistaken assumption that the proceeding in the county court was merely for the purpose of correcting an inventory alleged to be incomplete, in which the court would retain a continuing jurisdiction over the executors until the final settlement of the estate. The petition as first filed was of the character claimed, and set out a large amount of securities which it was alleged that the executors, or some of them, had withheld from the inventory, and also prayed that the executors should be required to file a supplemental or amended inventory containing the same."

From the record before us it appears that all that was sought was a full and complete inventory. No question of title to the note or on the merits of the indebtedness was involved in the complainant's objection to the defendant's inventory or the defendant's motion to strike these objections. In the decision in the *Martin case,* from which we have just quoted, we concluded that the original proceeding by amendment had been brought within what is now paragraph 82 of chapter 3, (Cahill's Stat. 1933, p. 58; Smith's Stat. 1933, p. 92;) so that it amounted to a citation and was personal rather than against the defendant in his representative capacity. This could in no sense be said to have been the case disclosed by this record in the proceedings before the county court. There was nothing, therefore, that would estop the complainant, and there was no prior adjudication which could amount to *res adjudicata* to bar the complainant from her action here under the statute against her co-executor.

As to the alleged forgiveness of the debt and the cancellation of the note, this was an affirmative defense. There was no evidence whatever that Emma E. Bear had for-

given the defendant the debt or canceled the note. The answer admitted the execution and ownership of the note and the existence of the debt. The defendant stipulated that all he paid was one year's interest. An agreement and a $2000 note, neither of which was signed, were put in evidence by the defendant. These were found in the safety deposit box of his deceased wife. This agreement recites that the $2000 borrowed from Mrs. Bear's father was invested in the property the defendant purchased in 1922. If these exhibits tended to prove anything, it would be the allegation in the complainant's bill that Mrs. Bear believed her husband owed her $2000. They in no way constitute an admission against her. They are, at most, a circumstance, since they were found in Mrs. Bear's safety deposit box. Nothing was offered by way of explanation, and no witness testified remotely or directly to any cancellation of the note or any gift of the indebtedness to the defendant. Having admitted the existence of the debt and that he had paid a year's interest, and having set up an affirmative defense, it was the duty of the defendant to establish that defense by the greater weight of the evidence. The admissions were sufficient to obviate any necessity for testimony on the complainant's part. One who has the affirmative of the issue retains it throughout the trial, whether it be under a bill of complaint or an affirmative defense. (*City of Carlinville* v. *Anderson,* 303 Ill. 247; 10 Ruling Case Law, 898.) It is not claimed there was any consideration for the cancellation of the $2000 note and the debt it evidenced. In Horner's Probate Practice (3d ed. sec. 142c) it is pointed out that where there is no proof of consideration for the forgiveness of a debt, an attempt to forgive a debt is ineffective either as a gift or as an executory contract. It was therefore error for the trial court to dismiss the complainant's amended bill for want of equity, and the Appellate Court's judgment of affirmance was also erroneous.

The judgment of the Appellate Court is reversed and the cause is remanded to the circuit court, with directions to enter a decree finding that the defendant is indebted to the estate of Emma E. Bear, deceased, and ordering that he account thereto in the sum of $2000, with interest at five per cent per annum from the date of the note, and that credit be given for the payment of one year's interest.

*Reversed and remanded, with directions.*

Mr. JUSTICE SHAW took no part in this decision.