THE CITY OF CHICAGO

*v.*

O. S. RICHARDSON.

*Opinion filed December 22, 1904.*

1. SPECIAL ASSESSMENTS—*a supplemental assessment cannot be levied before improvement is completed.* Where a special assessment based upon the estimate of cost is levied and confirmed but the contract is let for a sum greater than the amount of the assessment, a supplemental assessment for the excess of the contract price over the original assessment cannot be levied before the improvement is completed.

2. SAME—*the deficiency cannot be determined until contract has been performed.* The deficiency for which a supplemental assessment may be levied under section 59 of the Local Improvement act of 1897 can only be determined after the contract has been performed. (*City of Chicago* v. *Noonan,* 210 Ill. 18, adhered to.)

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellant.

CHARLES D. RICHARDS, and WILLIAM J. DONLIN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The following question is the only one to be considered on this appeal: Where a special assessment based on the estimated cost of a proposed improvement is levied and confirmed and the contract is let for a sum greater than the assessment, can a supplemental assessment be levied for the excess of the contract price above the first assessment before the improvement is completed?

Appellant filed its petition in the county court of Cook county praying for an assessment to pay the estimated cost of a proposed street improvement. The assessment was levied and confirmed and the contract was then let for $1967 more than the assessment. Thereupon appellant filed its petition in this case for a supplemental assessment, alleging that a deficiency had been created by the fact that the contract price was in excess of the original assessment. Appellee objected on the ground that the improvement had not been completed and the deficiency had not yet been actually and definitely ascertained. On the hearing it was stipulated that when the supplemental petition was filed only sixty per cent of the improvement had been completed and that it had not been completed at the time of the hearing. The court, being of the opinion that the law did not authorize the proceeding until the amount of the deficiency had been finally ascertained by the completion of the improvement, sustained the objection and dismissed the petition so far as it related to appellee's land.

The construction of section 59 of the Local Improvement act of 1897, which provides for a supplemental assessment in case of a deficiency, was involved in the case of *City of Chicago v. Noonan,* 210 Ill. 18, and in deciding that case we were of the opinion that the insufficiency of the first assessment contemplated by that section is to be determined after the contract has been performed, when the amount may be definitely known. We are satisfied that the decision

213—7

was correct. The law provides for the levy of an assessment before the work is actually done, in order that means of payment may be provided. Such an assessment must necessarily be based upon an estimate of the probable cost of the improvement, and while it is presumed that the estimate will equal the cost of the work, it may prove incorrect. Section 59 makes provision to meet the contingency of the assessment proving insufficient, in order that the work, when finally completed, may be paid for. If that should happen, the amount of the deficiency can only be finally and definitely ascertained after the work has been performed. If the contract is let for more than the amount of the assessment, all that can be said is, that if the contractor performs the obligation on his part he will become entitled to the contract price, which will exceed the amount of the assessment. If he does not perform his obligation another contract must be let for the unfinished portion of the work, and under changed conditions the second contract may be for more or less than the amount of the forfeited contract. There might be cases where interest or other things might affect the amount of the deficiency, and in no case can the actual deficiency in the first assessment be known until the work has been performed. The deficiency is not necessarily fixed by the difference between the contract price and the assessment, and if a supplemental assessment can be levied as soon as a contract is let, there could be another assessment on the re-letting of a forfeited contract or the happening of any other event which would increase the probable deficiency. We do not think it was the intention of the legislature that property owners may be called upon for successive assessments to meet probable but uncertain deficiencies.

The judgment of the county court is affirmed.

*Judgment affirmed.*