THE CITY OF PEORIA, Appellee, *vs.* FRANCIS H. TICHENOR *et al.* Appellants.

*Opinion filed October 25, 1911.*

APPEALS AND ERRORS—*when an appeal must be dismissed under section 84 of Local Improvement act.* Where each assignment of error, on appeal from an order of the county court entered under section 84 of the Local Improvement act, questions only the action of the court in finding that the improvement was in substantial conformity with the ordinance, the appeal must be dismissed, as said section 84 provides that the county court's order shall be conclusive as to such matter and not subject to review.

APPEAL from the County Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding.

FRANCIS H. TICHENOR, for appellants.

JOSEPH E. DAILEY, City Attorney, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from an order of the county court of Peoria county confirming and approving the certificate of cost of a local improvement and finding that the improvement conforms substantially to the requirements of the original ordinance for the construction of the same. The

only complaint made is, that the improvement does not conform substantially to the requirements of the ordinance.

Appellee filed its motion to dismiss the appeal on the ground that the statute forbids an appeal in such cases, which motion has been reserved until the final consideration of the case.

Upon the recommendation of the board of local improvements the city council of the city of Peoria passed an ordinance for the improvement of Seventh avenue, in said city, by re-surfacing the same with asphalt from Franklin to Union street, the work to be paid for in ten annual installments, by special taxation. The contract was let and the work done under this ordinance, and upon its completion the board of local improvements filed in the county court its certificate of cost, in which it was stated that the improvement as made conforms substantially to the requirements of the original ordinance for its construction, and made application for confirmation. Due notice was given, objections were filed and a hearing was had, which resulted in the entering of the above mentioned order.

Section 84 of the Local Improvement act provides that the court shall, in such cases, hear and determine the application and the objections in a summary manner, and shall enter an order according to the facts, and that "such order of the court shall be conclusive upon all the parties and no appeal therefrom, or writ of error thereto, shall be allowed to review or reverse the same." As each assignment of error questions only the action of the court in finding that the improvement was in substantial conformity with the ordinance, no question is raised which appellants are entitled to have reviewed upon appeal.

The motion to dismiss is allowed and the appeal is dismissed.                          *Appeal dismissed.*