THE VILLAGE OF NILES CENTER, Appellee, *vs.* ANDREW SCHMITZ, Appellant.

*Opinion filed February 21, 1914.*

SPECIAL ASSESSMENTS—*order of county court, under section 84 of the Local Improvement act, is final upon all facts found.* Under section 84 of the Local Improvement act the order of the county court is conclusive as to all the facts which the court is required to find on the hearing on the certificate of the completion and cost of the improvement; and this includes the finding as to the value of the work as well as the finding that the work done complies substantially with the ordinance. (*City of Peoria* v. *Smith,* 232 Ill. 561, explained.)

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

JULIUS H. GEWEKE, (GEORGE A. MASON, of counsel,) for appellant.

ARTHUR R. WOLFE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The village of Niles Center filed its petition in the county court of Cook county for the assessment of the cost of constructing a system of water mains in certain streets upon the property benefited. The work was completed and accepted by the board of local improvements and a final certificate of cost and completion was filed in the county court, to which the appellant filed objections. After

a hearing the court found that the improvement had been completed and accepted by the board and was made in substantial conformity with the ordinance but that the cost was $500 less than the amount stated in the certificate, that sum being the amount of an item for engineering and inspection fees which the court refused to allow. Other items of cost, as well as the amount estimated to pay accruing interest, were objected to, but the court overruled the objections and an order was entered according to the facts as found by the court, from which the objector appealed.

No motion has been made to dismiss the appeal and neither party has said anything on the question of the right to appeal, except that in the reply brief the appellant makes the statement that he cannot appeal from the finding that the work done complies substantially with the ordinance but that he may appeal from a finding in regard to the value of the work.

It was insisted by the appellant that certain extras which were allowed to the contractor were not within the scope of the ordinance; that certain valves, valve-boxes and shut-offs called for by the specifications were omitted and that the charge for the fire hydrants and the estimated amount of deficiency of interest were excessive. Section 84 of the Local Improvement act requires the board of local improvements, within thirty days after the final completion and acceptance of the work, to cause the cost thereof to be certified, in writing, to the court in which the assessment was confirmed, together with an amount estimated by the board to be required to pay the accruing interest on bonds or vouchers issued to anticipate collection; and in every case in which the assessment shall be divided into installments the board is also required to state in its certificate whether or not the improvement conforms substantially to the requirements of the original ordinance for the construction of the improvement, and to make application to the court to consider and determine whether or not the

facts stated in the certificate are true. The court is required to proceed to hear such application and objections which may be filed thereto and determine the same in a summary manner and to enter an order according to the fact. The statute says that such order shall be conclusive upon all the parties, and no appeal therefrom or writ of error thereto shall be allowed to review or reverse the same. It was such an order which was made in this case and such an order from which the appeal was prayed and allowed. The facts required to be stated in the certificate are, first, the cost of the improvement; second, the amount estimated by the board to be required to pay accruing interest on bonds or vouchers issued to anticipate collection; and third, whether or not the improvement conforms substantially to the requirements of the ordinance. The court is required to make an order according to the fact, and from such order no appeal lies. We held in *City of Peoria* v. *Smith,* 232 Ill. 561, that the provision as to the finality of the order refers to the finding on the question as to the substantial conformity of the improvement with the requirements of the ordinance, and we have followed this decision in subsequent cases. No question arose in that case as to any finding of fact but the controversy arose over the distribution of the excess of the assessment, which section 84 requires to be abated proportionately under the direction of the court. The point decided was that the order of the court was final only as to questions of fact which the court was required to decide, and not as to the distribution of the surplus. The statute makes no distinction among the facts which the court is required to find, making the order final as to some facts and not final as to others. The order is conclusive as to all the facts which the court is required to find on such a hearing and cannot be reviewed by appeal or writ of error.

This appeal was improvidently allowed, and it is therefore dismissed.                         *Appeal dismissed.*