(No. 12518.—Appeal dismissed.)
THE CITY OF NORTH CHICAGO *et al.* Appellees, *vs.*
THOMAS McHUGH, Appellant.

*Opinion filed June 18, 1919—Rehearing denied October 9, 1919.*

APPEALS AND ERRORS—*no appeal lies from order of county court approving certificate of completion of local improvement.* Under section 84 of the Local Improvement act the order of the county court approving the certificate of cost and completion of a local improvement is conclusive as to all the facts which the county court is required to find, and no appeal or writ of error is allowed to review the finding.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

COOKE, POPE & POPE, and ELA, GROVER & MARCH, for appellant.

MAX PRZYBORSKI, ELAM L. CLARKE, and MARTIN C. DECKER, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes to this court on appeal from an order of the county court of Lake county approving the final certificate of the board of local improvements of the city of

North Chicago of the cost and completion of a certain sewer constructed under the Local Improvement act. Appellant on the 6th day of February, 1918, obtained leave of court to file, and did file, an intervening petition as surviving partner of the contractors who constructed the sewer, alleging that the certificate of cost and completion filed by the board of local improvements is defective, in that it does not correctly set forth the cost of the work; that the cost of such work as recited in the certificate is based upon an erroneous computation of the amount of labor done and material used in the making of the improvement, in that it omits a large amount of labor done and material actually furnished by the contractors; that the cost of the work as recited in the certificate is much smaller in amount than the actual cost of the improvement when computed according to the ordinance and the contract for the improvement. The intervening petition prayed for a hearing upon the petition and that the final certificate of cost and completion by the board of local improvements be modified and changed so as to correctly recite the actual cost of the improvement according to the contract and the ordinance therefor. The city of North Chicago on the same day filed its answer denying the allegations of the intervening petition, and a hearing was had thereon. A rule was entered upon appellant to file a bill of particulars. In compliance with such rule a bill of particulars was filed, setting forth under ten separate and distinct headings the facts which made it necessary to expend, as extras, large amounts of labor and money in constructing the improvement, over and above the amount called for in the contract; that such extra expenditure was made necessary because of the inaccuracy of the survey data of the engineer, submitted at the time of the bidding and upon which the bid was made and the contract consummated. All of the items in the bill of particulars set forth are in one form or another claims for extra or additional labor and material not included in the original

contract, which appellant contended were necessary. On the hearing of the whole matter testimony was introduced on the certificate of cost and completion filed by the appellees, and likewise on the intervening petition and bill of particulars of appellant. The county court found that the matters in the certificate stated and set forth were true; that the improvement has been completed and accepted by the board of local improvements and that it conforms substantially to the requirements of the original ordinance for the construction of the improvement, and ordered that the certificate of cost and completion be approved as filed.

Appellees contend that under section 84 of the Local Improvement act the order of the county court is final and that no appeal therefrom or writ of error thereto will lie. It is contended on the part of the appellant that an appeal will lie from the order of the county court entered herein notwithstanding the provisions of section 84, for the reason that such provisions against appeals or writs of error do not apply in a case like the one at bar, where the trial court did not perform its statutory duties respecting the statutory hearing provided for. In support of this contention the appellant cites *Mercy Hospital* v. *City of Chicago,* 187 Ill. 400. That case arose under the Local Improvement act of 1897, section 47 of which provided that the county court shall in special assessment cases review the commissioner's apportionment of cost between the public and private property where objections have been made; also providing that the order of said court in that matter shall be conclusive and not subject to review. In that case appellant filed certain objections, in support of one of which counsel moved the court to inquire whether or not the assessment as made and returned was an equitable distribution of the cost between the public and the property benefited. The court refused to hear evidence upon that subject or to inquire in any manner into the question so raised, on the ground that it was without authority to do so. It was there

held that while the order of the county court was final on the question of the correctness of the distribution of cost, such order was not final on the question of jurisdiction or power of that court to make a certain inquiry raised by an objection. Such are not the facts here, as is shown by appellant's brief. Appellant asked leave to file an intervening petition. This leave was granted. The substance of the intervening petition was that the facts set out in the certificate of cost and completion filed were not true as to the matter of cost; that there were certain additional costs which should be considered. The intervening petition thus raised a question of fact. The court heard the evidence in support of the petition. It follows that the finding of the court was a finding on the facts.

Section 84 of the Local Improvement act provides that on the filing of the certificate of cost and completion the court shall, upon proper notice being given, proceed to hear and determine in a summary manner the facts alleged in the certificate, and, if any objections are filed thereto, shall hear the same and enter an order according to the fact. Said section further provides: "Such order of the court shall be conclusive upon all the parties and no appeal therefrom, or writ of error thereto, shall be allowed to review or reverse the same."

It is, however, insisted by appellant that in view of the fact that there was no denial of the truth of his testimony concerning extra expenditures, therefore the order of the court amounted to a denial of a hearing upon his intervening petition. We are unable to see the force of this contention. An examination of the record discloses that there was no contradictory evidence concerning such expenditures on the part of appellant. It is contended by appellees that there was no legal authority given to the appellant to make such expenditures; that orders for the same were not in writing. To this appellant replies that any re-

quirement that the orders be in writing was waived by appellees. It requires but the mere statement of that portion of the record to disclose that it involves questions of fact. It is not contended that the county court refused to hear testimony or refused to allow the petition to be filed. In fact, it was filed and testimony was heard thereon. We are of the opinion, therefore, that appellant's contention that the order of approval amounted to a refusal to hear his petition is without foundation. The rule is well settled in this State that under section 84 of the Local Improvement act the order of the county court is conclusive as to all the facts which the county court is required to find on the hearing on the certificate of cost and completion of the improvement. This includes the finding as to the cost as well as the finding whether the work substantially complied with the ordinance. (*Village of Niles Center* v. *Schmitz,* 261 Ill. 467; *City of Peoria* v. *Smith,* 232 id. 561.) As was said in *Village of Niles Center* v. *Schmitz, supra:* "The statute makes no distinction among the facts which the court is required to find, making the order final as to some facts and not final as to others. The order is conclusive as to all the facts which the court is required to find on such a hearing and cannot be reviewed by appeal or writ of error."

It has been suggested that to hold the judgment of the county court conclusive in this case would bar the right of appellant to relief under section 73 of the Local Improvement act. Nothing in this opinion is to be so construed.

This appeal was improvidently allowed, and it is therefore dismissed.                    *Appeal dismissed.*