(No. 18723.—Reversed and remanded.)
THE CITY OF BELVIDERE, Appellee, *vs.* JOHN ILES *et al.*
Appellants.

*Opinion filed April 21, 1928.*     '

1. SPECIAL ASSESSMENTS—*when an appeal is properly perfected.*
An appeal is properly perfected under section 95 of the Local Improvement act although only thirty-eight of the fifty-seven objectors represented by one attorney joined in the bond, where the prayer by the objectors, which was allowed, was for an appeal "jointly or any portion jointly, or any one of said objectors severally," the allowance being conditioned upon the giving of a proper bond of $200 for each objector, but not more than $1000 in case more than five objectors appealed.

2. SAME—*court has no jurisdiction, under section 84 of Local Improvement act, to approve work not authorized by ordinance.*
Under section 84 of the Local Improvement act, as amended in 1903, the property owner is entitled to a finding as to whether the improvement has been completed in accordance with the ordinance authorizing it and whether the money has been expended for the actual cost of the improvement authorized, and the court must "enter an order according to the fact;" and if the court approves expenses not included in the contract or ordinance and adjudicates matters not contemplated in the original improvement or the necessary requirements pertaining thereto, its order in that respect is without authority and is subject to appeal.

3. SAME—*what may be included in improvement as originally described.* It is not required that the original description of an improvement shall be so minute as to include each and every detail, and things which are fairly implied and necessarily within the general terms used will be regarded as within the description, but it is only such minor details and changes found necessary in the execution of the work and which are within the general scope of the improvement ordinance and necessary to render it effective that may be regarded as within the description.

APPEAL from the County Court of Boone county; the Hon. RICHARD V. CARPENTER, Judge, presiding.

WILLIAM BIESTER, for appellants.

JAMES M. HUFF, City Attorney, (LANGWORTHY, STEVENS, McKEAG & HURLEY, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The city of Belvidere, Illinois, by its proper officials passed an ordinance during May, 1926, providing for the paving and otherwise improving of South State street and Logan avenue under the Local Improvement act. It appears the improvement is a part of Grant highway, or Route 5 of the State hard road system. The estimated cost of the improvement was $100,000, one-half of which, it seems, was to be paid for by the city at large. An assessment roll was prepared, filed and confirmed and the improvement work was performed during the summer of 1927. The board of local improvements filed its certificate of cost and completion of the work, under section 84 of the Local Improvement act, in the county court of Boone county, showing the work to have been completed substantially according to the original improvement ordinance and at a cost slightly in excess of $88,500. Fifty-seven owners of property affected by the improvement assessment filed objections to the certificate and a hearing was had thereon. There was no objection as to whether or not the improvement was constructed substantially as required by the original ordinance. The objection was that the certificate of completion included in the total cost of the improvement various items, charges and extras, amounting to $20,000, which were entirely outside of the cost of the work and not provided for by the original improvement ordinance. The several items or extras were set out in detail in the objections filed. A bill of particulars was required of and was furnished by the city, wherein it was recited that "in compliance with order of court heretofore made for bill of particulars, presents the following items, all of which were necessary and proper in the estimation of said city of Belvidere and its officers for the proper completion and necessary to the using of said streets and said improvement and were fully ordered and authorized to be done as additional

or extra work not provided for in said contract, and all of which said extra or additional items of construction, at the prices charged herein, were and are reasonable and fair at the price and cost herein charged and set out." Then follows a statement of the contract price of the work, together with sixteen separate items designated as "extra work ordered by board of local improvements and necessary to the completion of said contract," which amount to almost $20,000. It was also admitted on the hearing by the city's engineer in charge, that some of the items set out in the bill of particulars were additional work not provided for in the ordinance but such as was needed to make a good improvement. The city's attorney also explained and admitted that one of the items designated as "replacing water service" was included within the cost of the work, and that such water connections for the respective properties were installed under authority of another city ordinance. The county court, among other things, found that the improvement conformed substantially to the requirements of the improvement ordinance. Three items, in amount of approximately $2170, as set out in the bill of particulars as "extras," were disallowed by the court, but the other items therein, which were in excess of $17,700, were approved as a part of the total cost of the work, which the court found to be $87,168.88. From the order there entered the objectors sought and were allowed an appeal. Thirty-eight of the objectors have accordingly prosecuted an appeal to this court.

The real controversy in this case was caused by a large amount of extras, or additional work, which it is claimed were not included within the contract or improvement ordinance, being made a part of the cost thereof by the board of local improvements; and it is contended by appellants that the county court having approved the major part of such extras as a part of the cost, has thereby exceeded its jurisdiction under section 84 of the Local Improvement act.

330—3

Section 84 (Smith's Stat. 1927, chap. 24, p. 503,) provides, in substance, that within thirty days after the final completion and acceptance of the work the board of local improvements shall cause the cost thereof, including engineering services, to be certified in writing to the court in which the assessment was confirmed, together with an amount estimated by the board to be required to pay the accruing interest on bonds or vouchers issued to anticipate collection; and in every case in which the assessment shall be divided into installments the board is also required to state in its certificate whether or not the improvement conforms substantially to the requirements of the original ordinance for the construction of the improvement and to make application to said court to consider and determine whether or not the facts stated in the certificate are true. The court, after legal notice given, is required to proceed to hear such application and any objections which may be properly filed thereto. The board's certificate shall be *prima facie* evidence that the things stated therein are true, but if any part thereof is controverted by objections filed, then the court shall hear and determine the same in a summary manner and "enter an order according to the fact." The section further provides that such order shall be conclusive upon all the parties and no appeal therefrom or writ of error thereto shall be allowed to review or reverse the same.

Appellee contends that as the objectors admitted the improvement conforms substantially to the ordinance and the court having had jurisdiction of the property and persons assessed for the improvement, the only question of fact presented to the court for determination was as to the total cost of the improvement, and the court having determined that fact, under section 84 there can be no review of the court's order. Appellee also contends no valid appeal has been perfected.

Section 95 of the Local Improvement act (Smith's Stat. 1927, p. 507,) provides that appeals from final judg-

ments or orders of any court made in proceedings under the act may be brought to this court by any of the owners or parties interested in lands taken, damaged or assessed, and the court may allow such appeal to be "taken jointly, and upon a joint bond, or severally, and upon several bonds, as may be specified in the order allowing the same." It appears from the abstract the objectors "pray an appeal jointly or any portion jointly, or any one of said objectors severally, to the Supreme Court of the State of Illinois, which appeal is allowed on condition that the objectors so appealing shall within thirty days file a proper bond according to law in the penal sum of $200 for each objector so appealing, provided that in case more than five objectors appeal the bond need not be more than $1000." In the instant case there were fifty-seven objectors, all represented by one attorney, and thirty-eight of those objectors by the same counsel have perfected this appeal. The appeal is in accordance with the order granting it and the order for the appeal was authorized by the statute. *City of Momence* v. *Kirby,* 315 Ill. 138.

In support of the first contention of appellee, that the order of the county court as to the cost of the improvement is final and that no review may be had thereon, several cases are cited, among which are *Village of Niles Center* v. *Schmitz,* 261 Ill. 467, *City of North Chicago* v. *McHugh,* 289 id. 121, *Nitsche* v. *City of Chicago,* 280 id. 268, and *Monahan* v. *City of Wilmington,* 328 id. 242. Those cases pertain to the certificate of cost and completion of the work and the hearing thereon. The facts required to be included in the certificate are, first, the cost of the improvement; second, the amount estimated by the board to be required to pay accruing interest on bonds or vouchers issued to anticipate collection; and third, whether or not the work substantially conforms to the provisions of the improvement ordinance. If objections are filed thereto the court is charged with the duty of hearing and determining the facts

and entering an order accordingly, from which there shall be no right of review. Unquestionably, the intent and meaning of the statute is precisely as has been said in some of the cases cited—that the court is required to make an order according to the fact. We have a rather anomalous situation presented in the instant case. The city was required to file a bill of particulars, which, with the proof offered by the city's engineer and the admission of its attorney as to the item designated as "replacing water service," in amount of $4879.75, clearly disclosed that the major portion of the extra work ordered by the board of local improvements as necessary to the completion of said contract was either not provided for in the contract for the improvement, or was not provided for in the improvement ordinance, or was provided for by another ordinance. Prior to 1903, when section 84 of the Local Improvement act was amended, the board of local improvements had exclusive jurisdiction to determine the substantial completion of any improvement under the act and the acceptance thereof. The purpose of the amendment was stated in *Case* v. *City of Sullivan,* 222 Ill. 56, where the court said: "We think the amendment to section 84 was passed mainly to prevent a local improvement not constructed substantially in accordance with the improvement ordinance being foisted upon property owners by the action of the board of local improvements, and was intended to afford the property owner, as well as the city, a speedy and summary hearing on that question before the tribunal wherein the assessment was confirmed, before the property owner should be required to pay his assessment or the city to issue improvement bonds in payment thereof."

It is not specifically provided for by statute as to how the board of local improvements shall make up its certificate of cost and completion. The facts necessary to be included therein are provided for, and it would seem that the filing of a certified copy of the engineer's final estimate of

the improvement work as a part of the board's certificate would assist in simplifying the report and hearing thereon and would be a substantial benefit to all parties concerned. The property owner has a legal right that the city shall keep an intelligible and accurate account showing the actual cost of the improvement and what moneys have been expended therefor within the power conferred upon it by law for the making of the improvement for which he has been assessed. The city is the instrumentality authorized by the law to collect and receive the money from the property owners and to disburse it for the particular purposes specified in the ordinance. It is not required that the original description of an improvement shall be so minute as to mention each and every detail. Those things which are fairly implied and necessarily included within the general terms used will be regarded as within the description. However, this applies only to work performed or materials furnished under an improvement ordinance which consist of minor details or changes found necessary in the execution of the work and which are within the general scope of the ordinance and necessary to render it effective. (*People* v. *McWethy,* 177 Ill. 334; *Town of Cicero* v. *Green,* 211 id. 241; *Monahan* v. *City of Wilmington, supra.*) The case of *While* v. *City of Ottawa,* 318 Ill. 463, does not involve the same question here presented but sets forth the extraordinary and protective powers of the court under section 84 of the act here under consideration. The court said: "No more complete protection could be given the property owner than if he believes the improvement does not conform to the ordinance he may have that question heard and determined in the court where the assessment proceeding is had, and if the improvement was not constructed as the ordinance required he will not have to pay anything for it unless the contractor shall make it comply with the ordinance. The power of the court is adequate to refuse to confirm the certificate until the contractor has

done that, even if it required the tearing out of work already done and doing it over again substantially in the manner the ordinance required. * * * The court is not authorized by section 84 to disregard the rights of the property owners by the approval of a certificate of completion unless the work substantially complies with the ordinance, and it is not conceivable that a court would confirm the certificate of completion as a substantial compliance with the ordinance where the contractor had substituted cheap materials for first-class materials required by the ordinance. The law only authorizes the approval of the certificate of completion when the work done and the materials used substantially conform to the ordinance, and we must assume that in such case the court will obey the law."

Unquestionably the power and authority given the court by section 84 of the statute are to be exercised in the furtherance of the particular improvement, and the necessary requirements pertaining thereto, as contemplated and included within the original improvement ordinance. The court has no jurisdiction to adjudicate matters of any nature which are without the purview of the ordinance as authorized by the Improvement act. The extras here involved, or at least the major portion of them, were not included within the contract or ordinance, and the court attempted to exercise its jurisdiction and also to find as a fact something which it was shown by the record, and which was undisputed, was not a fact. The extras or additional work disclosed by the record, as we understand it, amounted to $20,097.67 and are included in seventeen separate items. Three of those items in amount of $2169.55, and over which the county court assumed to exercise legal jurisdiction, were disallowed by that court. No objections are here made by appellants to four items in amount of $2672.50. The remaining ten items, in amount of $15,255.62, should not have been approved and allowed as a part of the cost of the improvement.

The order of the county court will be reversed and the cause remanded, with instructions to modify the order in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*