The Village of Elmwood Park *et al.* Appellees, *vs.* The W. A. Black Company, Appellant.

*Opinion filed February 23, 1933—Rehearing denied April 22, 1933.*

Dunn and DeYoung, JJ., dissenting.

George A. Mason, (Henry E. Mason, of counsel,) for appellant.

William T. Hapeman, for appellee the Village of Elmwood Park; Arthur C. W. Schultz, for appellee Mills & Sons.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from an order and judgment of the county court of Cook county entered on hearing on a final certificate of cost and completion of a local improvement in the village of Elmwood Park, filed by the board of local improvements under section 84 of the Improvement act. The improvement consisted of sidewalk, pavement and curb and gutter on certain streets of the village. The estimated cost of the improvement as confirmed by the county court was $776,000. Appellant company was the contractor. It furnished all materials and did the work called for by the ordinance. After completion of the improvement, and prior to filing the final certificate of cost and completion by the board, the engineer for the village made a final estimate showing the cost of the improvement to be $623,940.47. Appellee Mills & Sons, owner of property affected by the improvement, objected to the engineer's estimate, and on conference with the board, the contractor and the engineer this estimate was reduced to $608,049.92 and a second estimate of the engineer showing that amount was made up. The engineer having died, another engineer took up the work in his place, and by reason of further objections on the part of Mills & Sons another estimate was made by the new engineer showing the cost to be $593,252.03. This was the estimate adopted by the board of local improvements and became the estimate in its final certificate. This certificate included also the usual items of cost of engineering and inspection, of levy and collection and deficiency in interest, which, added to the engineer's estimate of the cost, brought the total cost of the improvement up to $713,-688.15, leaving a balance of the assessment as confirmed to be abated to the property owners, amounting to $35,923. Objections to the final certificate of cost and completion were filed by Mills & Sons and heard by the county court. It objected to twenty-six items, totaling $100,477.12. It also objected that certain catch-basins were constructed in

places other than required by the ordinance. This objection was not sustained, and as no cross-errors are assigned here and no question raised here as to the substantial conformity of the improvement with the ordinance, no further notice need be taken of the objection concerning the catch-basins.

The appellant contractor filed a cross-petition seeking the inclusion of three items of cost omitted from the final certificate of the board, totaling $25,588.74. This cross-petition also objected to the items of the certificate relating to cost of levy and collection and deficiency in interest. As the court approved these last named items of the certificate and no assignment of error here questions the judgment of the court in that matter, no further attention need be paid to those items. All questions on the merits here relate to the items of cost of labor and materials furnished. Other assignments of error on procedural matters appear here and will be later referred to.

On the hearing the court disallowed twelve items of the cost of the improvement as shown in the final certificate of the board, aggregating the sum of $54,788.38, and, adding that amount to the amount to be abated, directed that the sum of $90,711.38 be abated. This change in the amount abated is, of course, merely a matter of computation, since the cause of the change arises from the disallowance of the twelve items of cost. The court refused to allow the items sought by appellant to be included by its cross-petition. Appellant argues in support of its assignments, both as to the disallowance of the twelve items and the refusal of the court to allow the items enumerated in its cross-petition, that such items were legal extras, made necessary by the duty of the contractor to do a good and workman-like job, and that the court failed to consider the bidding sheet which was prepared by the board and on which appellant made its bid. This involved, however, only the question of the cost of the improvement.

The first question arising here is whether the finding of facts and judgment of the court as to the disallowance of certain items of cost are conclusive under the provisions of section 84 of the Local Improvement act. The appellee property owner does not raise the question, and the village argues that the court may review the finding and judgment of the county court in this particular. After submission of this cause, appellant, on leave granted, filed a helpful digest of the decisions of this court covering the conclusiveness of the county court's order under section 84 of the act. That section has been frequently quoted in opinions of this court and need not be again set out here. It provides for a hearing on the certificate of cost and completion filed by the board of local improvements. The certificate shall show the final completion and acceptance of the work, the cost thereof, including the cost of engineering services, together with amounts estimated by the board required to pay accruing interest on bonds or vouchers issued, and the amount, if any, of the assessment to be abated. After notice, a hearing shall be had on the petition and such objections as are filed thereto and the court shall enter an order according to the fact, which order shall be conclusive upon all parties, and no appeal therefrom or writ of error thereto shall be allowed to review or reverse the same. In *City of East Peoria* v. *Sheen,* 299 Ill. 185, it is pointed out that under that statute the order of the county court is conclusive and not subject to appeal as to the cost of the improvement, the amount required to pay accruing interest on bonds or vouchers issued to anticipate collection, and whether the improvement made conforms substantially to the requirements of the ordinance, and that the section relates only to the finality of the court order as to those facts. In *City of Alton* v. *Hellrung,* 346 Ill. 325, it was held that matters finally adjudicated by the county court within the scope of section 84 are conclusive and may not be reviewed, but those not within the scope of that act, and the certifi-

cate filed, may be reviewed under section 123 of the County Court act or section 95 of the Local Improvement act. In *Blackhawk Construction Co.* v. *Village of Homewood,* 343 Ill. 182, the same rule is announced. So in *Gjellefald Construction Co.* v. *City of South Beloit,* 350 Ill. 350. We are, then, to first inquire whether there is any issue passed upon by the county court on this branch of the case that is subject to review.

As has been observed, the entire change in the certificate arose out of disallowance of items of cost of the improvement. The court found that the improvement as completed in all respects conformed to the ordinance providing therefor, but that twelve items of cost were not properly a part of the cost of the improvement and that the same should be disallowed. The court thereupon so amended the certificate and as amended approved it and directed the commissioner to re-cast the assessment roll showing the necessary abatement. While the questions thus passed upon necessarily involve a construction of the ordinance, as does the question of conformity of the improvement to the ordinance, they are questions of fact concerning the items of cost of the improvement and are within the limitations of conclusiveness fixed by section 84 as construed by this court. If the county court's finding as to these items of cost be not conclusive then such provision of section 84 is meaningless. The issue on this branch of the case relates to a matter in which the statute makes the order of the county court conclusive.

Counsel for the village, in support of their position that this court may review this finding of the county court, cite *City of Belvidere* v. *Iles,* 330 Ill. 31. In that case the certificate of cost and completion stated that the items objected to were not provided for in the contract or in the ordinance. It was thus admitted. They were nevertheless allowed by the court, and this court held that the county court had no jurisdiction to consider matters admittedly

outside the ordinance and contract, and that as to such matters the finding of the county court was not conclusive. Such a case is not here presented, and *City of Belvidere* v. *Iles, supra,* does not govern.

In *Village of Niles Center* v. *Schmitz,* 261 Ill. 467, it was held that under section 84 the order of the county court is conclusive as to all facts which the court is required to find, including the finding as to the cost of the improvement. In that case, as here, certain items were objected to as not within the scope of the ordinance and the court's judgment thereon was held final.

In *City of North Chicago* v. *McHugh,* 289 Ill. 121, the contractor objected by intervening petition to the certificate of cost and completion, seeking to include items which he claimed were wrongfully omitted. He filed a bill of particulars setting out these items and contended that they were necessary to the completion of the improvement in a good and workman-like manner and were therefore legal extras. Evidence was heard on the certificate and the intervening petition. The intervening petition was disallowed and the certificate of cost and completion was approved as filed. On appeal it was argued in this court that section 84 did not so apply in such a case as to prevent an appeal. It was held, however, that the conclusive character of the county court's judgment under section 84 included the cost of the improvement as well as whether the improvement substantially complies with the ordinance, and the appeal was dismissed. To the same effect is *City of Peoria* v. *Smith,* 232 Ill. 561.

The assignments of error here are that the court erred in sustaining objections to certain items in the certificate of cost and completion, and that it erred in refusing to enlarge the certificate of cost and completion according to the appellant's cross-petition. These assignments of error do not present a question for review.

Counsel for the appellant argue that the county court did not properly consider the bidding sheet in determining

whether the items of cost objected to and those included in his cross-petition were proper. The bidding sheet was in evidence, and its effect on the court's consideration, or whether it had any effect, is not before us. We are of the opinion that the finding of the county court is conclusive as to this branch of the case, and there is nothing thereon to be reviewed by this court.

It is also argued by appellant that Mills & Sons is estopped to object to the certificate of cost and completion. This assignment questions the right of a property owner to object to the certificate of the board, and the action of the county court in that regard is reviewable here. (*Wilmette State Bank* v. *City of DesPlaines*, 349 Ill. 106.) The only reference in the abstract to a motion of appellant to strike Mills & Sons' objections is the recital in the final order and judgment entered June 2, 1932, that "the motion to strike from the files the objections of Mills & Sons is overruled." The motion is not abstracted and the grounds thereof do not there appear. Counsel for appellant in support of this assignment of error say, however, that Mills & Sons is estopped to object because it, by objections prior to the filing of the final certificate of the board, had secured two reductions from the engineer's estimate, amounting to $30,688.44, and had agreed to certain items of the engineer's estimate. It is also pointed out that Mills & Sons had its own engineer go over the ground and estimate the amount of grading and paving necessary but filed no objections during the progress of the work. There is no evidence that Mills & Sons agreed that with the reductions secured by reason of its objections before the filing of the certificate it would not object to the certificate when filed or that these reductions were made solely for its benefit. Nor can it be said that because a property owner does not object during the progress of the work he is estopped to object to the final certificate of cost and completion, since section 84 is designed to give him an opportunity to object

after the completion of the work. (*Blackhawk Construction Co.* v. *Village of Homewood, supra.*) The court did not err in denying appellant's motion to strike.

It is also urged that the court erred in refusing to view the premises. Counsel concede that such view lay within the discretion of the court but say that under the circumstances of this case it was an abuse of discretion to refuse so to do. ·The evidence was extended and the court might properly have viewed the premises as an aid to an understanding of the evidence had it chosen to do so. Most of the items objected to, however, were hidden in the work, and it is not clear what special benefit the court would have derived from such view. We are unable to say that the refusal of the court to view the premises constituted an abuse of discretion. We are of the opinion, therefore, that so far as the judgment of the court is reviewable here it is correct.

The judgment will be affirmed. *Judgment affirmed.*

DUNN and DEYOUNG, JJ., dissenting.