(No. 21988.—

THE MATERIAL SERVICE COMPANY *et al.* Plaintiffs in Error, *vs.* THE VILLAGE OF ELMWOOD PARK *et al.* Defendants in Error.

*Opinion filed February 23, 1934—Rehearing denied April 5, 1934.*

GEORGE A. MASON, (HENRY E. MASON, of counsel,) for plaintiffs in error.

MYRON E. WISCH, Village Attorney, and WILLIAM T. HAPEMAN, for defendant in error the village of Elmwood Park; MAYER, MEYER, AUSTRIAN & PLATT, (HERBERT A. FRIEDLICH, and MILES G. SEELEY, of counsel,) for defendant in error J. H. Pettie.

Mr. JUSTICE JONES delivered the opinion of the court:

The subject matter of this litigation was before this court on a previous occasion. (*Village of Elmwood Park* v. *Black Co.* 352 Ill. 150.) It concerns an order and judgment of the county court of Cook county, entered in a local improvement proceeding for the construction of certain pavements and appurtenances in the village of Elmwood Park. The W. A. Black Company was the contractor for the improvement. The board of local improvements of the village filed a certificate of cost and completion under section 84 of the Local Improvement act. A more detailed statement of the facts appears in the former opinion of this court. Upon the hearing the court disallowed twelve items, amounting to $54,788.38, included in the certificate as a part of the cost of the improvement. It also refused to allow three other items, aggregating $25,588.74, which were omitted from the certificate and which the contractor by cross-petition sought to have included in the cost. The order directed that the sum of $90,711.38 be abated. An appeal was taken to this court and the order of the county court was affirmed. The Material Service Company and certain other lien claimants have brought the cause here on writ of error. They allege that they have unpaid claims, aggregating $85,789.66, for labor and materials furnished the contractor in the prosecution of the work; that they severally perfected their statutory lien on the moneys, bonds, vouchers and warrants due the contractor; that they have an interest in the salient facts adjudicated by the order of the county court; that the balance due the contractor, as shown by

the final estimate of the village engineer, was $65,252.03, but the same was by the court's order reduced to $10,463.65, thereby impairing their lien.

By permission of this court plaintiffs in error have filed the record in the former appeal as a return to the writ. Each of the assignments of error is identical with a former assignment on appeal. Defendant in error J. H. Pettie having succeeded to the interests of Mills & Sons, objectors in the trial court, was substituted for their trustee in bankruptcy and has filed a motion to dismiss the writ of error. The grounds for the motion are (1) that plaintiffs in error have not such interest in the subject matter as entitles them to maintain the writ; and (2) that the record presents no question reviewable by this court. The motion was taken with the case.

Section 23 of the Mechanic's Lien act (Smith's Stat. 1933, par. 23, p. 1798,) provides that any person furnishing material or labor to any contractor having a contract for a public improvement for any county, township, school district, city or municipality, shall have a lien on the money, bonds or warrants due or to become due thereunder to the contractor, provided such person shall notify the proper officials of his claim by written notice. It is not disputed that plaintiffs in error perfected their lien on the amount due and unpaid to the contractor.

The interested and proper parties to the determination of the facts set forth in the certificate of cost and completion under section 84 are property owners affected by an assessment, the contractor who may be the owner and holder of bonds and vouchers issued under the contract, and persons who have rights to be protected in the determination of the amount required for the payment of the work done under the contract. (*Wilmette State Bank* v. *City of Des Plaines,* 349 Ill. 106.) Plaintiffs in error come within the description of persons who have rights to be protected in the determination of the amount required

to pay for the work done under the contract. Being proper parties to the proceeding in the trial court they would have such an interest in the subject matter as entitles them to review in a case where this court has jurisdiction.

Plaintiffs in error claim that this court has jurisdiction to review the judgment entered under section 84 of the Local Improvement act because the trial court mistakenly limited its jurisdiction through a misconstruction of the ordinance. In the *Black case, supra,* after reviewing and considering the former decisions of this court, we disposed of all questions relating to the trial court's authority to construe the ordinance and whether or not the improvement conformed thereto. We held that those questions were questions of fact concerning the items of cost of the improvement and are within the limitation of conclusiveness fixed by section 84. The reasons and authority for that holding are set forth in the opinion in the *Black case,* and it would serve no good purpose to repeat them here. The ruling in that case disposes of the question.

It is suggested that this court should take jurisdiction because the order provides for a *pro rata* distribution of the amount rebated and that such distribution is upon the wrong basis. No showing is made in support of this contention and it cannot be considered.

Plaintiffs in error claim that the statutory inhibition in section 84 against appeal is unconstitutional, and that this question gives this court jurisdiction. Some controversy exists between the parties as to how and when this question was attempted to be raised, but that is unimportant in this case. In *People* v. *Cohen,* 219 Ill. 200, we held that section 84 is not invalid for the reason here assigned. That decision was adhered to in *People* v. *Martin,* 243 Ill. 284, and was cited with approval in *Monahan* v. *City of Wilmington,* 328 id. 242. To now hold this provision of the statute unconstitutional would overthrow those decisions. The law can be certain and known only if fixed rules and

established precedents are consistently adhered to. A contrary policy would tend to unsettle confidence in the stability of the courts. In view of the uniform course of the decisions upon the subject we consider the validity of the statute as settled.

The record presents no reviewable question. The motion to dismiss the writ is therefore allowed, and the writ of error is dismissed.

*Writ dismissed.*