(No. 32157.— )

THE PEOPLE *ex rel.* Louis A. Dolan *et al.,* Petitioners, *vs.*
WILLIAM R. DUSHER, Judge, Respondent.

*Opinion filed March 20, 1952.*

WILLIAMS, McCARTHY & KINLEY, of Rockford, (JOHN R. KINLEY, of counsel,) for petitioners.

THOMAS & DAVIS, of Rockford, (CHARLES H. DAVIS, and HENRY H. CALDWELL, of counsel,) for respondent.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This is an original petition for a writ of *mandamus* from this court directing the Honorable William R. Dusher, circuit judge of Winnebago County, to expunge an order entered April 9, 1951, reversing a decision of the county court of said county on an appeal perfected under sections 8-6 and 8-7 of the School Cole. Ill. Rev. Stat. 1951, chap. 122, pars. 8-6 and 8-7.

On August 2, 1950, the petitioners, with other voters, filed petitions with the county judge of Winnebago County, seeking detachment of certain territory from Community Unit School District No. 321 of said county, which petitions were filed under section 8-6 of the School Code as amended. On October 13, 1950, after hearing, the county court granted the petitions and allowed the disconnection and detachment, finding complete compliance with the provisions of section 8-6 of the School Code. On October 20, 1950, certain of the voters who had appeared in county court in opposition to said petitions filed an appeal to the circuit court of Winnebago County under section 8-7 of

the School Code. On April 9, 1951, circuit judge Dusher reversed the order of the county court after finding that the petitioners had fully complied with section 8-6. The basis of the circuit court order was that section 8-6 of the School Code had been repealed by implication by an amendment to section 8-14 of the School Code, which the court found was approved by the Governor on August 17, 1949, twenty days after the legislative act amending sections 8-6 in 1949 became law without the Governor's approval. The circuit judge concluded that there was no statutory provision for withdrawal from a community unit school district by petition, but only by election under section 8-14 of the School Code.

On August 20, 1951, the petitioners filed in this court their motion for leave to file this petition for *mandamus* with suggestions in support thereof. By leave of court, on September 11, 1951, their petition for *mandamus* was filed, in which it is alleged that the circuit judge was in error in reversing the decision of the county court, that the circuit judge erroneously applied the laws of the State of Illinois, that the petitioners have no other remedy than a writ of *mandamus,* and praying that a writ of *mandamus* issue from this court directing the circuit judge of Winnebago County to expunge said order of the circuit court reversing the county court's order and to enter an order affirming the order of the county court of Winnebago County.

Thereafter on October 8, 1951, respondent filed his motion to dismiss or in the alternative to strike said petition for *mandamus* with suggestions in support thereof. In their briefs and argument counsel for respondent make an issue only of the right of petitioners to the writ of *mandamus,* claiming that the judgment complained of is not void but at the most only erroneous, that petitioners have complete remedies under the law, that *mandamus* cannot be maintained in lieu of a writ of error or as a substitute

for an appeal, and that the petitioners have failed to show a clear legal right to the issuance of the writ.

*Mandamus* is a summary, expeditious and drastic common-law writ of an extraordinary character, sometimes referred to as the highest judicial writ known to the law. (*People ex rel. Koester* v. *Board of Review,* 351 Ill. 301.) Original jurisdiction of the Supreme Court to issue *mandamus* obtains only in causes involving questions of public right, in which *mandamus* may be issued as a prerogative writ. (*People ex rel. Dickinson* v. *Board of Trade,* 193 Ill. 577.) Unless there is no other adequate remedy at law, the original jurisdiction of the Supreme Court in *mandamus* does not include causes affecting local public interests or private rights. *People ex rel. Kocourek* v. *City of Chicago,* 193 Ill. 507.

Furthermore, *mandamus* can be invoked to expunge a judgment only when the judgment complained of is void for want of jurisdiction either of the subject matter, of the parties, or to enter the order complained of. *People ex rel. Lax* v. *Ehler,* 353 Ill. 595; *People ex rel. Courtney* v. *Prystalski,* 358 Ill. 198; *People ex rel. Courtney* v. *Green,* 355 Ill. 468; *People ex rel. People's Gas Light and Coke Co.* v. *Smith,* 275 Ill. 210.

Moreover, although *mandamus* will lie to compel the performance of ministerial acts of courts, (*People ex rel. Waber* v. *Wells,* 255 Ill. 450,) *mandamus* will not lie to direct or modify the exercise of judicial discretion by a judge. *People ex rel. Swanson* v. *Sullivan,* 339 Ill. 146; *People ex rel. Briggs & Turivas* v. *Cook,* 311 Ill. 429; *People ex rel. Wonogas* v. *Holmes,* 312 Ill. 284; *People ex rel. Jones* v. *Chytraus,* 183 Ill. 190; *People ex rel. Storey* v. *Knickerbocker,* 114 Ill. 539; *People ex rel. Novotny* v. *Jarecki,* 372 Ill. 208.

In the instant case, no question is raised by the facts as to the judgment or decree complained of being void. No question is raised about the court having jurisdiction

of the parties, and by the terms of the School Code itself the court specifically had the authority, power and jurisdiction to affirm or reverse the order of the county court. The question still remains, however, as to whether the circuit court was acting in a ministerial or judicial capacity.

In *Board of Education of Waverly Community Unit School Dist.* v. *Nickell,* 410 Ill. 98, this court considered the nature of the function performed by the county court in detaching territory from school districts under the authority contained in 8-6 of the School Code. We there held that, although the location of a school district boundary is not a judicial function but clearly a legislative or ministerial function, it still did not follow that jurisdiction thereof may not be conferred upon county courts. This court then concluded that article III of the constitution does not prevent conferring jurisdiction upon the county courts in such matters because of the language contained in section 18 of article VI of the constitution.

It does not necessarily follow from our decision in the *Waverly case* that the circuit court, in passing upon and reviewing the decision of a county court under authority conferred by section 8-7 of the School Code, was acting in a ministerial capacity. Section 8-7 of the School Code provides that any petitioner or voter who appears at any hearing in county court to oppose the change of boundaries may appeal from the county court's order to the circuit court by filing with the clerk of the county court a written notice of appeal within ten days after final action of the county judge. Within thirty days after such notice of appeal has been filed, the clerk of the county court is required to transmit to the clerk of the circuit court a transcript of the record. Upon receipt thereof, the clerk of the circuit court is required to file it and cause it to be docketed, and "the Circuit Court shall thereupon consider and review the matter on the transcript and upon written or printed arguments filed by attorneys, if any,

prior to the date of the hearing, and within a reasonable time shall reverse or affirm the decision of the County Court and the action of the Circuit Court shall be final." This language clearly grants the circuit court power and authority to merely affirm or reverse the decision of the county court, after reviewing the record and proceedings before the county court and determining whether the county court has acted in accordance with the authority granted by the legislature. The inquiry before the circuit court is not what territory shall or shall not be included within the corporate limits of a school district but, on the contrary, the inquiry is whether the record of the county court proceedings shows a compliance with, or a violation of, the existing law and procedure prescribed by the School Code for detachment of territory from a school district by the county court. It is the order of the county court which detaches or annexes territory to a school district and changes the school boundaries thereby. That act is the performance of the legislative or ministerial function. The proceeding for review thereof is analogous to that of a court reviewing by writ of *certiorari* the proceedings before an administrative or *quasi* judicial body. We conclude that the circuit court, in acting under section 8-7 of the Illinois School Code, is performing a judicial rather than a legislative function.

This court has uniformly held that when a statute is under attack and open to a dual construction, we will adopt the one that sustains its validity. (*People ex rel. Barrett* v. *Thillens,* 400 Ill. 224; *Progressive Party* v. *Flynn,* 400 Ill. 102; *People ex rel. BeBoer* v. *Geary,* 323 Ill. App. 32; *Peoples Gas Light and Coke Co.* v. *Slattery,* 373 Ill. 31; *People* v. *Robinson,* 372 Ill. 503.) To hold that section 8-7 of the School Code imposed a ministerial or legislative function on the circuit court would necessarily force a conclusion that the act was void and unconstitutional.

Section 18 of article VI of the constitution, on which the constitutionality of section 8-6 of the School Code turned in the *Waverly case,* is substantially different in its terms from section 12 of article VI of the constitution on which rests the jurisdiction of circuit courts under section 8-7. Said section 18 grants county courts original jurisdiction in certain specified matters, "and such other jurisdiction as may be provided for by general law." However, section 12 of article VI of the constitution gives to circuit courts "original jurisdiction of all causes in law and equity, and such appellate jurisdiction as is or may be provided by law, * * *."

Although this court has held that county courts may be given ministerial functions under the language contained in said section 18, we have held that the circuit courts can be granted only judicial jurisdiction, and that ministerial functions cannot be conferred upon the circuit court. In *North* v. *Board of Education,* 313 Ill. 422, the constitutionality of the Community High School District Act approved June 27, 1923, was in issue. Said act granted to the circuit court, in term time or vacation, original jurisdiction to grant or deny, after hearing, a petition to detach territory from community high school districts. We there held that said act was unconstitutional as an unlawful delegation of legislative authority to the circuit court, and, among other things, said, at page 425, "Courts may determine what are the corporate limits already established, and they may inquire whether a municipal corporation has been created in accordance with the authority granted by the legislature. The power of the courts to perform these functions implies an existing law applicable to the particular subject, and the inquiry is, What is the law and has it been violated or obeyed?"

Since the circuit court, in acting under section 8-7 of the School Code, is not determining what territory should

be included within the corporate limits of a municipal corporation, but, on the contrary, by the clear language of the statute itself, is limited to affirming or reversing the county court decision after determining whether the county court has acted in accordance with the authority granted by the legislature, the circuit court was acting in a judicial capacity, and *mandamus* will not lie to direct the court's exercise of discretion under the terms of said act.

However, petitioners assert that, under the statute in question, the decision of the circuit court, although erroneous, is final, that appeal and writ of error are not available to the petitioners, that they are without adequate remedy at law, and that *mandamus* is proper. The circuit court in its order specifically found, as did the county court, that the proceedings for detachment were in accordance with the provisions of section 8-6 of the School Code and also found that the appeal to the circuit court from the county court was pursuant to, and in full compliance with, paragraph 8-7 of the said School Code. Thus, there is a specific finding of fact by the circuit court that the petitioners and the county court had strictly complied with and obeyed the law as laid down by the legislature in sections 8-6 and 8-7 of the School Code as to the procedure for changing school boundaries. However, the circuit court then proceeded to consider the legislative history of said two sections and section 8-14 of the School Code and held that section 8-14 had, by implication, repealed sections 8-6 and 8-7, that boundaries of a community unit school district may be changed only by an election under section 8-14 of the School Code, and that sections 8-6 and 8-7 were no longer the law.

Clearly, it was the intention of the legislature, in enacting section 8-6 of the School Code, that the facts to be passed upon by the county court would, among others, include the sufficiency of the petition, whether or not the persons signing the petitions were voters residing within

the territory described, whether the persons signing the petitions constituted two thirds of such voters, and other pertinent facts. Thereafter, upon compliance with certain procedural requirements, the circuit court judicially reviews the record of the action taken and the order rendered by the county court to ascertain whether the factual conditions precedent prescribed by the statute were properly found to exist. If, upon appeal, the circuit court finds that the county court correctly determined the facts, then the finding of facts is affirmed and the order becomes final and conclusive in relation thereto.

It does not follow, however, that, in the event the circuit court, in reviewing the county court order, passes on a question of law outside of the matters or facts determined by the county court, such as passing upon the validity or invalidity of the statute, such decision on a question of law is final and not appealable.

The circumstances are analogous to those existing under section 84-84 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1951, chap. 24, par. 84-84.) Such section in substance provides that a board of local improvements, upon final completion of an improvement, shall certify in writing, to the court having jurisdiction of the original proceedings and assessment, the final cost of the project, and shall state in its certification whether or not the improvement conforms substantially to the requirements of the original ordinance for the construction of the improvement and shall in such certification make an application to the court to consider and determine whether or not the facts stated in that certificate are true. The statute then provides for a hearing upon certain prescribed notice, and specifies that the court shall hear and determine the objections in a summary manner and shall enter an order according to the fact. The statute then provides: "This order of the court shall be conclusive upon all the parties and no appeal therefrom shall be allowed to review or reverse this

order." Under such statute, this court has uniformly held that a court's findings of facts as to cost, interest and conformation of the improvement to the ordinance are conclusive and not reviewable by appeal or writ of error. (*Village of Elmwood Park* v. *Black Co.* 352 Ill. 150, and cases therein cited.) However, this court has also held that orders of a court entered under section 84 of the Local Improvement Act (section 84-84 of the Revised Cities and Villages Act) are conclusive only as to the facts required to be found by the court under that section and are not conclusive as to any other matter or thing not provided for in that section, but as to all such matters there is a right of appeal. *Village of Elmwood Park* v. *Black Co.* 352 Ill. 150; *Gjellefald Construction Co.* v. *City of South Beloit,* 350 Ill. 350; *City of Alton* v. *Hellrung,* 346 Ill. 325; *Blackhawk Construction Co.* v. *Village of Homewood,* 343 Ill. 182; *City of East Peoria* v. *Sheen,* 299 Ill. 185.

From the foregoing, we conclude that the findings of fact, as made by the county court under the provisions of section 8-6 of the School Code and as confirmed by the circuit court on appeal under section 8-7 of the School Code, are final, conclusive and not appealable. However, the order of the circuit court on appeal from the county court under the provisions of 8-7 of the School Code is not conclusive or final as to any other finding of fact or law not provided for in section 8-6 of the School Code, and as to all such other matters there is a right of review by appeal under the provisions of the Civil Practice Act. Ill. Rev. Stat. 1951, chap. 110, pars. 198, 199 and 200.

The petitioners having an adequate remedy by appeal to review any error of the circuit court as to matters outside of the provisions of section 8-6 of the School Code, their petition for writ of *mandamus* is denied.

*Writ denied.*