(No. 35313.—

THE VILLAGE OF LOMBARD *et al.*, Appellees, *vs.* JOHN M. STANCY *et al.*, Appellants.

*Opinion filed November 18, 1959—Rehearing denied Jan. 18, 1960.*

Byron S. Matthews, and Thomas A. Matthews, both of Chicago, for appellants.

Leonard Bosgraf, of Chicago, for appellees.

Mr. Justice Davis delivered the opinion of the court:

This case comes before us upon an appeal by certain property owners from an order of the county court of Du Page County approving a certificate of final cost and completion of work in a special assessment proceeding, pursuant to section 84 of the Local Improvement Act. Ill. Rev. Stat. 1957, chap. 24, par. 84—84.

In January, 1957, a petition was filed in the county court by the village of Lombard for the levy of a special assessment for the construction of a sewer improvement.

Its estimated cost was $567,798. After proper notice and hearing an order was entered confirming such assessment against the property benefited in the amount of $558,830.96. No appeal was taken from this order. After advertising for bids, the bid of Lombard Sewer and Water Company, Inc., and Virgil Stahelin, was accepted and the contract awarded to them on a unit-price basis. The improvement was completed during 1958.

Pursuant to the requirements of section 84 of the Local Improvement Act, there was filed in the county court of Du Page County on December 9, 1958, a certificate of completion of such public improvement and of the cost thereof, including the cost of engineering services, the cost of making, levying and collecting the assessment and the estimated accruing interest on bonds and vouchers. The total cost as certified was $705,812.81. Therein it was also certified that the improvement had been completed in substantial compliance with the requirements of the original ordinance and application was made for an order approving the certificate. Notice of the hearing thereon was published, as required by law.

Objections to the approval of the certificate of cost and completion were filed questioning the propriety of the amounts included as cost of making and levying the assessment, estimated accruing interest on bonds and vouchers, and the payment to the contractor in excess of the amount confirmed by the court. The objections also enumerated certain items included in the amount paid to the contractor, which the objectors claimed were not called for by the contract. On information and belief, the objectors alleged that the work was not performed in compliance with the plans and specifications.

After a hearing on the objections at which testimony and documentary evidence was introduced, the county court overruled the objections and entered an order finding that the improvement had been completed in substantial con-

formity with the ordinance providing therefor. The court further found that the amount required for the improvement was $705,812.81 which included $55,883.09 for accruing interest on bonds and vouchers; $33,335 for engineering costs; and $33,083 for the cost of making and collecting the levy. The court approved the certificate of cost and completion and found that a deficiency existed of $146,981.88. From this order, objectors appealed to this court.

The objectors contend that the court could not approve a cost of more than 10 per cent over the original estimate; that the property owners cannot be charged on a unit-price basis for more units than designated in the estimate; and that they cannot be charged for accruing interest or for more than the municipality's actual cost of making and collecting the levy. The objectors further urge that the certificate of cost contained illegal "extras."

At the outset we are confronted with the question of the extent of our jurisdiction to review a judgment of the trial court under the Local Improvement Act. The act specifically provides that "the court shall hear and determine the objections in a summary manner and shall enter an order according to the fact. This order of the court shall be conclusive upon all the parties and no appeal therefrom shall be allowed to review or reverse this order." Ill. Rev. Stat. 1957, chap. 24, par. 84—84.

We have long held this to be a proper statutory limitation on our right to review such orders, (*Material Service Co.* v. *Village of Elmwood Park,* 355 Ill. 558; *Village of Elmwood Park* v. *Black Co.* 352 Ill. 150,) and have refused to review the trial court's determination of those facts required to be presented to it under section 84 of the Local Improvement Act. (Ill. Rev. Stat. 1957, chap. 24, par. 84—84; *Village of Elmwood Park* v. *Black Co.* 352 Ill. 150; *Village of Niles Center* v. *Schmitz,* 261 Ill. 467; *City of Peoria* v. *Tichenor,* 251 Ill. 495.) It is

only in the unusual case where the trial court proceeds contrary to the statute that we will grant review. For example, in *City of Belvidere* v. *Iles,* 330 Ill. 31, we held that the order of the county court was not conclusive as to the allowance of items admittedly without the scope of the contract or the ordinance. (Cf. *Village of Elmwood Park* v. *Black Co.* 352 Ill. 150, 154-155.) We have also permitted an appeal from an order entered without giving objectors an opportunity to be heard, (*Washington* v. *Des Plaines,* 344 Ill. 613,) and where the appeal presents a question of law. *City of Chicago* v. *Wacker-Wabash Corp.* 372 Ill. 521.

We have carefully examined the record in the case at bar to determine if any issues exist within the scope of our appellate jurisdiction. From the whole record it appears that there is ample evidence to justify a finding that the improvement has been completed in substantial compliance with the ordinance and the contract. (See: *Village of Niles Center* v. *Schmitz,* 261 Ill. 467; *City of Peoria* v. *Tichenor,* 251 Ill. 495.) We also find that the county court was acting fully within its statutory authority in allowing an amount estimated to be required to pay accruing interest on bonds and vouchers, for engineering costs, and for the cost of making and collecting the assessment. (*Village of Niles Center* v. *Schmitz,* 261 Ill. 467; *City of Kankakee* v. *Small,* 317 Ill. 55; Ill. Rev. Stat. 1957, chap. 24, pars. 84—84, 84—94.) As to these issues we are without authority to review the decision of the county court. Ill. Rev. Stat. 1957, chap. 24, par. 84—84.

Objectors also urge that certain items of cost for units of construction not specifically set forth in the contract, are "extras" and not allowable under the doctrine of *City of Belvidere* v. *Iles,* 330 Ill. 31. In the *Belvidere case,* however, the "extra" work was admittedly outside of the scope of the contract and the ordinance. In the case at bar, the contract was awarded on a unit-price basis and the evi-

dence tends to show that additional work was necessitated in that the scheduled route of the sewer struck an existing unplatted 54-inch sewer. This required a rerouting of the proposed sewer line, and this line as rerouted intersected a 4-foot utility duct which necessitated the installation of a syphon sewer. The record establishes that the work specified in the certificate of cost and completion was required to effectuate the satisfactory completion of the improvement set forth in the ordinance. It was therefore within the power of the county court to so find, and the order is not subject to review. *Village of Elmwood Park* v. *Black Co.* 352 Ill. 150.

Objectors have, however, raised one question pertaining to the power of the county court, which we regard as a question of law. They contend that the county court cannot approve a certificate of cost in excess of 10 per cent over the estimate of the cost of construction by reason of section 59 of the act. (Ill. Rev. Stat. 1957, chap. 24, par. 84—59.) Such contention misconstrues the meaning and purpose of sections 84 and 59. Section 84 does not provide for the levy of an assessment, supplemental or otherwise. Its purpose is to give to the property owner, who does not believe that the improvement conforms to the ordinance, an opportunity to have such question heard and determined in the court where the special assessment proceeding is pending. Upon such hearing and dependent upon the factual circumstances, the court has the power to allow or deny the acceptance of an improvement by the corporate authorities. An order under section 84 makes no provision for the payment of a deficiency in the original assessment. However, it may determine that such deficiency exists.

Section 59 as originally enacted in 1897 provided for the levy of supplemental assessments when necessary, without provision for determining an estimated deficiency. Therefore, the levy of a supplemental assessment could not be made until the work was completed and the deficiency estab-

lished. (*Sheriffs* v. *City of Chicago,* 213 Ill. 620; *City of Chicago* v. *Richardson,* 213 Ill. 96; *City of Chicago* v. *Noonan,* 210 Ill. 18.) By the 1905 amendment to section 59, a method of estimating a deficiency in advance of completion of the improvement was added; and in 1919, a further amendment provided that in the event the estimated deficiency exceeds 10 per cent of the original estimate, "then no contract shall be awarded until a public hearing shall be had on said supplemental proceeding." *Hinsdale Sanitary District* v. *Washburn,* 354 Ill. 240.

In the case at bar, the order approving the certificate of final cost and the completion of the work determined that the improvement had been completed in substantial compliance with the ordinance and contract, and that a certain deficiency existed. Pursuant to the provisions and subject to the safeguards of section 59, a petition may be filed for the levy of a supplemental assessment for the amount of the deficiency ascertained by the aforementioned order of the county court. *Hinsdale Sanitary District* v. *Washburn,* 354 Ill. 240.

We have searched the record before us and find it devoid of any evidence of fraud or collusion or of an unauthorized exercise of jurisdiction by the county court. The order of the county court is therefore affirmed.

*Order affirmed.*